**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAVETTA ELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 05-186L |
| v. | ) | Judge Francis M. Allegra |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER**

Defendant answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

This Court lacks jurisdiction over the subject matter of the action.

**SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**DEFENSE**

The treaty provision relied upon by Plaintiff has been preempted or rendered impossible to enforce by changed circumstances or the subsequent enactment of statutes and does not provide a basis for recovery of damages against Defendant.

**DEFENSE**

Pursuant to the treaty provision relied upon by Plaintiff, any reimbursement for alleged loss sustained by Plaintiff is the responsibility of Sergeant Kopf subject to his personal liability.

**DEFENSE**

Plaintiff's words or conduct provided consent or apparent consent to the alleged incident, which is the basis for her action.

**DEFENSE**

No acts or omissions by Defendant or Sergeant Kopf were the proximate cause of any injury to Plaintiff.

**DEFENSE**

Plaintiff's condition pre-existed the alleged incident which is the basis for her action and was not proximately caused or aggravated by any acts or omissions of Defendant or Sergeant Kopf.

**DEFENSE**

Plaintiff's Complaint sets forth injuries that resulted from a danger, the existence and character of which were fully appreciated by Plaintiff before she voluntarily exposed herself to it.

**DEFENSE**

In answer to the allegations of the Complaint, Defendant avers and states as follows in response to the enumerated paragraphs:

**PARTIES AND JURISDICTION**

1. Defendant admits the allegations contained in the first sentence of paragraph 1. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations in the second sentence of paragraph 1 and, therefore, denies each and every allegation therein.

2. Defendant admits the allegations contained in paragraph 2, however, Defendant affirmatively avers that Staff Sergeant Joseph P. Kopf received a reduction in grade to the rank of Sergeant on August 8, 2003. Defendant admits the allegations contained in the

second sentence of paragraph 2.

3. The allegations set forth in paragraph 3 of the Complaint constitute conclusions of law, to which no response is required; to the extent that a response is required, Defendant denies each and every such allegation.

**BACKGROUND**

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations in paragraph 5 and, therefore, denies each and every allegation therein.

6. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations in paragraph 6 and, therefore, denies each and every allegation therein.

7. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations in paragraph 7 and, therefore, denies each and every allegation therein.

8. Defendant admits the allegations contained in the first sentence of paragraph 8. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in the second and third sentences of paragraph 8 and, therefore, denies each and every allegation therein.

9. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations in the first sentence of paragraph 9 and, therefore, denies each and every allegation therein. Defendant admits the allegations contained in the second sentence of paragraph 9 to the extent that on the morning of January 7, 2003, Sergeant Kopf made a visit to Plaintiff's home. Defendant lacks sufficient information or belief as to the truth or falsity of the remaining allegations contained in the second, third and fourth sentences of

paragraph 9 and, therefore, denies each and every such allegation. Defendant affirmatively avers, however, that Sergeant Kopf's description of the facts regarding the events of January 7, 2003, are set forth in his sworn statements of January 29, 2003, June 3, 2003, and June 5, 2003 made as a part of the investigations undertaken by the United States Army. Defendant further avers that the statements speak for themselves and are the best evidence of their contents.

10. Defendant admits the allegations contained in the first sentence of paragraph 10 to the extent that Plaintiff entered a government vehicle, driven by Sergeant Kopf, and departed with him. Defendant lacks sufficient information or belief as to the truth or falsity of the remaining allegations contained in paragraph 10 and, therefore, denies each and every such allegation. Defendant affirmatively avers, however, that Sergeant Kopf's description of the facts regarding the events of January 7, 2003, are set forth in his sworn statements of January 29, 2003, June 3, 2003, and June 5, 2003. Defendant further avers that the statements speak for themselves and are the best evidence of their contents.

11. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 11 and, therefore, denies each and every allegation therein. Defendant affirmatively avers, however, that Sergeant Kopf's description of the facts regarding the events of January 7, 2003 are set forth in his sworn statements of January 29, 2003, June 3, 2003, and June 5, 2003. Defendant further avers that the statements speak for themselves and are the best evidence of their contents.

12. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in the first, second, and third sentences of paragraph 12 and, therefore, denies

each and every allegation therein. The allegations set forth in the fourth sentence of paragraph 12 of the Complaint constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation except that Defendant affirmatively avers that in nonjudicial proceedings, conducted pursuant to Art. 15, Uniform Code of Military Justice ("UCMJ"), Battalion Commander William Rosten concluded that, on or about January 7, 2003, Sergeant Kopf violated Art. 134, UCMJ by kissing Plaintiff and touching her breasts. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in the fifth and sixth sentences of paragraph 12 and, therefore, denies each and every such allegation. Defendant affirmatively avers, however, that Sergeant Kopf's description of the facts regarding the events of January 7, 2003, are set forth in his sworn statements of January 29, 2003, June 3, 2003, and June 5, 2003. Defendant further avers that the statements speak for themselves and are the best evidence of their contents.

13. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 13 and, therefore, denies each and every allegation. Defendant affirmatively avers, however, that Sergeant Kopf's description of the facts regarding the events of January 7, 2003, are set forth in his sworn statements of January 29, 2003, June 3, 2003, and June 5, 2003. Defendant further avers that the statements speak for themselves and are the best evidence of their contents. Defendant admits the allegations contained in the second and third sentences of paragraph 13. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in the fourth sentence of paragraph 13 and, therefore, denies each and every

allegation therein.

14. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 14 and, therefore, denies each and every allegation therein. Defendant admits the allegations contained in the second sentence of paragraph 14 to the extent that Plaintiff did obtain the referenced restraining order from the Oglala Sioux Tribal Court. Defendant denies the remaining allegations contained in the second sentence of paragraph 14.

15. Defendant lacks sufficient information or belief as to the truth or falsity of the allegations contained in paragraph 15 and, therefore, denies each and every allegation therein.

16. Defendant denies the allegations contained in paragraph 16.

**CLAIM FOR RELIEF**

17. Defendant incorporates its responses to paragraphs 1 through 16, as if fully set forth herein.

18. The allegations set forth in the first sentence of paragraph 18 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation except that Defendant admits that Plaintiff is a member of the Oglala Sioux Tribe. The second sentence of paragraph 18 contains a selected excerpt of Article I of the Treaty with the Sioux, of April 29, 1868, to which no response is required. Moreover, Defendant affirmatively avers that the Treaty with the Sioux speaks for itself and is the best evidence of its contents.

19. Defendant admits the allegations contained in paragraph 19, except that Defendant denies any responsibility and or liability for any of Sergeant's Kopf's alleged conduct occurring

outside the scope of his authorized duties.

20. The allegations set forth in paragraph 20 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation except that Defendant affirmatively avers that in nonjudicial proceedings, conducted pursuant to Art. 15, UCMJ, Battalion Commander William Rosten concluded that, on or about January 7, 2003, Sergeant Kopf violated Art. 134, UCMJ by kissing Plaintiff and touching her breasts.

21. The allegations set forth in paragraph 21 constitute conclusions of law, to which no response is required; to the extent a response is required, Defendant denies each and every such allegation.

22. The allegations set forth in paragraph 22 characterize Plaintiff's action, to which no response is required; to the extent that a response is required, the allegations therein are denied.

23. Defendant admits the allegations in the first sentence of paragraph 23 to the extent that Plaintiff provided a statement of her claim for damages in writing to the Department of the Interior, which was then forwarded to the Field Solicitor of the Northeast Region on April 21, 2004. Defendant admits the allegations in the second sentence of paragraph 23 to the extent that the Department of the Interior did not reach an administrative decision regarding Plaintiff's claim. Defendant denies the remaining allegations in the first and second sentences of paragraph 23. The allegations contained in the third sentence of paragraph 23 constitute Plaintiff's request for relief, to which no response is required; to the extent a response is required, Defendant denies each and every allegation therein.

** ** **

Defendant denies each and every allegation not specifically admitted or denied in the preceding paragraphs, including characterizations contained in the headings to parts of the Complaint, which are repeated herein for reference purposes only.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/ Sara E. Culley

Dated this 17th day of February, 2006.

SARA E. CULLEY (K.S. Bar No. 20898)
Trial Attorney
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0466
Facsimile: (202) 305-0267
Sara.Culley@usdoj.gov

OF COUNSEL:

Sharon Pudwill, Esq.
Office of the Field Solicitor
United States Department of the Interior

Patrick Butler, CPT, JA.
General Litigation Branch
United States Army Litigation Division