**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAVETTA ELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 05-186L |
| v. | ) | Judge Francis M. Allegra |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT STATUS REPORT**

Plaintiff, Lavetta Elk, and Defendant, United States of America, by and through their respective counsel, hereby submit this Joint Status Report pursuant to the Court's Order of January 20, 2006 and the Rules of the Court of Federal Claims, Appendix A, paragraphs 4 and 5. This report is based on the information known to counsel at this time, and each counsel reserves the right to amend this report, if appropriate, in light of new information.

**A. JURISDICTION**

Plaintiff believes that as stated by this Court at the hearing on January 20, 2006, and as reflected in the Court's Order of January 20, 2006, there is no basis for a defense of failure to exhaust administrative remedies. This Court has jurisdiction and the action is ripe for adjudication.

Defendant believes that the Court does not have jurisdiction, because Plaintiff failed to fully exhaust her administrative remedies before bringing a claim. Defendant further believes that Plaintiff's suit is not yet ripe.

**B. CONSOLIDATION**

Plaintiff and Defendant do not believe that this case should be consolidated with any

other actions.

**C. BIFURCATION**

At this time, Plaintiff and Defendant do not believe that trial of liability and damages should be bifurcated.

**D. DEFERRAL OF PROCEEDINGS**

Plaintiff and Defendant do not believe that this case should be deferred, and Defendant is not aware of any case pending before this Court which would necessitate the deferral of this action.

**E. REMAND OR SUSPENSION**

Plaintiff and Defendant are not seeking a remand or suspension.

**F. ADDITIONAL PARTIES**

Plaintiff does not anticipate joining additional parties at this time.

At this time, Defendant is uncertain whether it will be appropriate to join additional parties.

**G. MOTIONS**

Plaintiff may file a Motion pursuant to RCFC 56 on the basis that(i) Plaintiff was assaulted by Army recruiter Sergeant Joseph P. Kopf; and (ii) the "Bad Man" Clause of the subject Treaty applies strict liability against the Defendant for such wrongful conduct. Defendant reserves the right to file a motion pursuant to RCFC 35. If Defendant determines it is necessary to file such a motion, it will do so on or before December 8, 2006, before the close of fact discovery. Defendant intends to file a motion pursuant to RCFC 12 and 56. Defendant will file this motion on or before March 16, 2007, after the close of expert discovery.

## H. RELEVANT FACTUAL AND LEGAL ISSUES

Plaintiff believes that this Court has already interpreted the Treaty with the Sioux of April 29, 1868 in the hearing that resulted in the Order dated January 20, 2006. The only remaining issues are: (1) whether Sergeant Kopf committed a wrong upon Plaintiff; and (2) the extent to which Plaintiff's damages are proximately caused by the wrong.

Defendant generally believes that in order for Plaintiff to obtain the relief she is seeking in this action, the following questions must be answered:

1) Was Sergeant Joseph P. Kopf a "bad man" in the sense of the Treaty with the Sioux of April 29, 1868?

2) Did he commit a wrong on the person of Plaintiff?

3) Is the arrest and conviction of the "bad man" a condition precedent to recovery pursuant to the Treaty with the Sioux of April 29, 1868?

4) Does the "loss sustained," as contemplated by the Treaty with the Sioux of April 29, 1868, encompass emotional and psychological injuries?

5) If appropriate, what sum will reimburse Plaintiff?

Defendant further believes that in order to resolve these questions, the Court will need to address the following issues, among others:

1) Whether the treaty provision relied upon by Plaintiff has been preempted or rendered impossible to enforce by changed circumstances or the subsequent enactment of statutes and does not provide a basis for recovery of damages against Defendant?

2) Whether any reimbursement for alleged loss sustained by Plaintiff is the responsibility of Sergeant Kopf subject to his personal liability?

3) Whether Plaintiff's words or conduct provided consent or apparent consent to the alleged incident, which is the basis for her action?

4) Whether any acts or omissions by Defendant or Sergeant Kopf were the proximate cause of any injury to Plaintiff?

5) Whether Plaintiff's condition pre-existed the alleged incident which is the basis for her action and was not proximately caused or aggravated by any acts or omissions of Defendant or Sergeant Kopf?

6) Whether Plaintiff's Complaint sets forth injuries that resulted from a danger, the existence and character of which were fully appreciated by Plaintiff before she voluntarily exposed herself to it?

**I. SETTLEMENT**

Plaintiff is willing to explore the possibility of an early settlement in a mediation.

Defendant is willing to explore the possibility of settlement, and if appropriate the use of alternative dispute resolution. Defendant, however, cannot assess the likelihood of settlement at this point in time.

**J. TRIAL**

Plaintiff believes a jury trial on damages is appropriate.

Defendant believes that this case is appropriate for resolution by dispositive motion; and therefore, does not believe trial will be necessary. Absent resolution via dispositive motion or settlement, Defendant anticipates going to trial. Defendant does not request expedited trial scheduling. At this time, Defendant does not request a specific location for a trial.

**K. ELECTRONIC CASE MANAGEMENT NEEDS**

Plaintiff and Defendant believe there are no special issues regarding electronic case management needs.

**L. OTHER**

Plaintiff respectfully brings to the Court's attention that at the January 20, 2006 hearing on Defendant's Motion to Dismiss, the Court advised counsel that a Memorandum Order detailing its rulings would be forthcoming. Plaintiff believes that this Memorandum Order will facilitate the efficient litigation of this action by preventing re-argument and discovery regarding issues decided by the Court.

Other than matters relating to discovery, addressed immediately below, there are no matters Defendant believes it needs to bring to the Court's attention at this point in time.

**M. DISCOVERY PLAN**

Plaintiff and Defendant propose the following schedule of case milestones:

| | |
|---|---|
| Exchange of Initial Disclosures Pursuant to RCFC 26 | April 28, 2006 |
| Completion of Fact Discovery (depositions and written discovery) | December 8, 2006 |
| Exchange of Expert Witness Reports | January 12, 2007 |
| Exchange of Rebuttal Expert Witness Reports | February 2, 2007 |
| Conclusion of Expert Witness Depositions | February 16, 2007 |
| Filing of all Dispositive Motions | March 16, 2007 |

Dated this 30th day of March, 2006.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice

s/ Adam D. Horowitz

s/ Sara E. Culley

JEFFREY M. HERMAN (Fla. Bar No. 521647)
jherman@hermanlaw.com
STUART S. MERMELSTEIN (Fla. Bar. No. 947245)
smermelstein@hermanlaw.com
ADAM D. HOROWITZ (Fla. Bar. No. 376980)
ahorowitz@hermanlaw.com
HERMAN & MERMELSTEIN, P.A.
18205 Biscayne Boulevard, Suite 2218
Miami, Florida 33160
Tel: (305) 931-2200
Fax: (305) 931-0877

Counsel of Record for Plaintiff

SARA E. CULLEY (K.S. Bar No. 20898)
United States Department of Justice
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0466
Fax: (202) 305-0267
Sara.Culley@usdoj.gov

Counsel of Record for Defendant

OF COUNSEL:

Sharon Pudwill, Esq.
Office of the Field Solicitor
United States Department of the Interior

Patrick Butler, CPT, JA.
General Litigation Branch
United States Army Litigation Division