# In The United States Court of Federal Claims

No. 05-186L

(Filed: May 12, 2006)

LAVETTA ELK,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## PROTECTIVE ORDER

On April 28, 2005, the parties filed a joint motion for a protective order pursuant to the Privacy Act. That motion is hereby **GRANTED**.

In order to prepare their cases, the parties may need to access information in the official files of the United States Army and the Department of the Interior concerning the events alleged in Plaintiff's Complaint, including information which relates to or identifies individuals who are not parties to this suit and may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a. This Order applies to records and documents (in whatever form) provided by Defendant in these proceedings and does not apply to records and documents obtained through other means. To address these concerns, the Court orders, pursuant to 5 U.S.C. § 552a(b)(11), the following:

1. The parties shall have access to documents contained in the official files of the United States Army and the Department of the Interior relating to the events alleged in Plaintiff's Complaint, including information which relates to or identifies individuals who are not parties to this suit and may be protected by the Privacy Act, 5 U.S.C. § 552a (hereinafter "documents").

2. The parties shall not use the documents obtained from the official files of the United States Army and the Department of the Interior, or their contents, for any purpose other than this litigation, including any appeals. No person having access to these documents covered by the Privacy Act shall make public disclosure of them or their content without further order of this Court.

3. Documents containing private information of individuals, such as names, marital status, employment status, identifying numbers and other personal information that is protected from public disclosure by the Privacy Act shall not be released to the public, unless the individual referenced in the materials agrees to the disclosure in writing prior to the date of disclosure, or by order of this Court.

4. The documents which are protected from release to the general public by the Privacy Act and which are part of the official files of the United States Army and the Department of the Interior relating to the events alleged in Plaintiff's Complaint may be disclosed to the Court and to the parties in this litigation as attachments to briefs filed in these Court proceeding and may be utilized in a deposition or for other permissible discovery in this case. This Protective Order is not intended to prohibit introduction of these documents at a court hearing, trial or other proceeding in this case as allowed under the Federal Rules of Evidence. In all circumstances the protected documents will be filed under seal unless otherwise ordered by the Court.

5. Documents which are subject to this order may be disclosed only to the parties to this litigation, or their affiliates, the attorneys of record for the parties, persons in the employ of such attorneys and expert witnesses retained by the parties having a need for the information in the performance of their duties. Except for the Court and its employees, and the employees of the United States Army and the Department of the Interior, all individuals having access to these records and all individuals to whom these records or the information therein are disclosed shall be required to sign a copy of the Acknowledgment of Privacy Act Protective Order form attached hereto as Exhibit A indicating that they have read and agree to abide by the terms of this Order. Counsel of record for Plaintiff and Defendant will exchange a list of all such attorneys or members of their firm so designated. Signed acknowledgment forms shall be retained by counsel for the parties and be available upon request to attorneys of record and the Court.

6. All individuals to whom documents or copies which are subject to this Order are disclosed shall return or destroy any and all documents, copies and the portions of notes containing information from such documents in their possession to counsel for the Defendant immediately upon the termination of this litigation, including all applicable appeals. The obligation to return or destroy shall occur prior to the termination of this litigation when an individual is no longer a party or when an attorney or expert is no longer retained to work on this case, whichever comes earlier. Individuals returning documents under any circumstance shall certify in writing that the documents, copies and notes have been returned or have been destroyed.

7. This Order does not constitute a ruling on the question of whether any particular record is properly discoverable and does not constitute any ruling on any potential objection to the discoverability of any record, other than objections based on the Privacy Act.

8. This Order shall survive the termination of this case and is binding for all time without further order of the Court.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

**(ATTACHMENT A)**
**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAVETTA ELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-186L |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**ACKNOWLEDGMENT OF PRIVACY ACT PROTECTIVE ORDER**

I, ________________________, hereby acknowledge that I have read and understand the Privacy Act Protective Order (the "Order") entered in this action on ________________________, 2006. I hereby agree to be bound by the terms of the Order. Specifically,

1. I agree that I will use records and information subject to the Order only for purposes of this case, including any appeals and not for any other purpose;

2. I agree that any records and information covered by the Order that are in my possession, and all copies thereof, will be returned to counsel for Defendant within 30 days after the termination of my work on this case or the termination of this litigation, including any appeals, whichever comes earlier;

3. I agree that any documents or portions of documents in my possession covered by this Order that contain information protected by the Privacy Act will be returned to counsel for Defendant when this litigation is concluded;

4. I agree that I will disclose records and information protected by the Order only to the Court, the parties to this case and their attorneys of record, persons in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (with the exception of the Court and its employees) have signed an Acknowledgment Form like this one;

5. I agree that I will abide by all terms of the Order; and

6. I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

______________________________ ______________________________
Signature Date Executed

______________________________
Typed Name and Title

______________________________
Telephone Number

______________________________
Fax Number