**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAVETTA ELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 05-186L |
| v. | ) | Judge Francis M. Allegra |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY SGT. JOSEPH KOPF SHOULD NOT BE HELD IN COTEMPT**

Plaintiff, Lavetta Elk, seeks an order from this Court directing that Sgt. Joseph Kopf, a third-party witness not represented by the United States or its counsel, show cause as to why he should not be held in contempt for failing to appear for a deposition pursuant to a subpoena executed by Plaintiff. Plaintiff seeks as a sanction for this alleged contempt an Order directing Sgt. Kopf to appear for deposition within twenty (20) days. However, Plaintiff's motion is misguided as it seeks to enforce a subpoena for a "fact" deposition scheduled beyond the close of fact discovery without the Court's consent. Moreover, Plaintiff has failed to show that such a grave a sanction as contempt is warranted. For the reasons set forth below, the Court should deny Plaintiff's motion.

**FACTS**

Neither the United States nor its counsel have ever represented or offered to represent Sgt. Kopf, a third-party witness, in this matter. Sgt. Kopf is represented by Bruce Barry, 431A Houston Street, Manhattan, KS 66502, (785) 537-7337. Plaintiff's electronic filing of her motion does not reflect service on either Sgt. Kopf or Mr. Barry.

During fact discovery, the United States did not oppose Plaintiff's efforts to schedule the

deposition of Sgt. Kopf. Indeed, on November 1, 2006, counsel for the United States notified Plaintiff via e-mail that it would not oppose a motion to extend fact discovery, if necessary, to provide additional dates for Plaintiff's deposition of Sgt. Kopf.

Counsel for Plaintiff subpoenaed Sgt. Kopf for a deposition that was to take place on January 24, 2007. Counsel for Plaintiff set this deposition date without first determining the availability of counsel for the United States.[1]

Counsel for the United States telephoned counsel Plaintiff on January 18, 2007, regarding a rescheduling of the deposition, but counsel for Plaintiff was unavailable. Counsel for the United States left a voice mail for counsel for Plaintiff requesting a return call. On January 19, 2007, counsel for the United States sent an e-mail to counsel for Plaintiff notifying him that counsel for the United States was not available to attend Sgt. Kopf's deposition as scheduled, that we were unable to confirm the availability of Sgt. Kopf for the deposition,[2] and that we were interested in rescheduling the deposition. Counsel for Plaintiff responded via e-mail that he would not reschedule the deposition. Counsel for the United States attempted to negotiate with counsel for Plaintiff noting via e-mail the United States' rescheduling of his clients' depositions at his request - in some cases within days of the deposition - and the failure of one of his clients to appear for a deposition. Despite the United States' repeated attempts to resolve the matter, counsel for Plaintiff refused to reschedule the deposition.

On January 22, 2007, counsel for the United States telephoned counsel for Plaintiff to

---

[1] Counsel for the United States is without knowledge as to Plaintiff's communications with Sgt. Kopf or his counsel regarding the deposition.

[2] On January 18, 2007, counsel for the United States was informed that Sgt. Kopf had not yet retained counsel for the deposition.

inquire as to whether he had reconsidered his position regarding the rescheduling of the deposition. Counsel for Plaintiff responded that if "nobody" is going to be there, then there was no reason for him to go. Counsel for the United States then inquired via e-mail as to when counsel for Plaintiff might be available to conduct the rescheduled deposition of Sgt. Kopf and whether counsel for Plaintiff intended on filing a motion seeking to extend fact discovery.[3]

On January 29, counsel for the United States received service of Plaintiff's Motion requesting that Sgt. Kopf be held in contempt and be ordered to appear for deposition within twenty (20) days. Counsel for the United States subsequently contacted counsel for Plaintiff via e-mail and inquired as to when he would be available to conduct the rescheduled deposition of Sgt. Kopf. Counsel for Plaintiff responded via e-mail that he would be largely unavailable over the next month but would try to contact counsel for Sgt. Kopf to determine an appropriate date.

## ARGUMENT

### I. Plaintiff's Motion is Misguided As It Seeks to Enforce a Subpoena That Is in Contravention of the Court's November 7, 2006 Order Setting the Deadline for Fact Discovery

---

[3] On January 22, 2007, Counsel for the United States also inquired as to the availability of Plaintiff for a continuation of her deposition which had been left "open" to address documents subsequently obtained by the United States due to Plaintiff's untimely execution of her Authorization to Release Psychotherapy Information and Authorization to Release Medical Information. Also on that date, counsel for Sgt. Kopf telephoned counsel for the United States to inquire about the status of Sgt. Kopf's deposition. Counsel for Sgt. Kopf indicated that he had been just been retained to defend Sgt. Kopf in the deposition. Counsel for Sgt. Kopf expressed some concern that neither he nor Sgt. Kopf were prepared for the deposition. Counsel for the United States informed counsel for Sgt. Kopf of the statements made by counsel for Plaintiff earlier that day (i.e., that counsel for Plaintiff did not plan on attending the deposition) and recommended that counsel for Sgt. Kopf convey his concerns directly to counsel for Plaintiff. Counsel for the United States subsequently provided via e-mail counsel for Plaintiff's contact information to counsel for Sgt. Kopf. Counsel for the United States also provided the contact information for counsel for Sgt. Kopf to counsel for Plaintiff.

The United States does not oppose Plaintiff's deposition of Sgt. Kopf in this matter. Indeed, the United States has expended considerable time and effort to negotiate a mutually agreeable deposition date with counsel for Plaintiff. However, Plaintiff presently seeks to depose Sgt. Kopf beyond the close of fact discovery in this matter. The United States believes that Plaintiff's efforts in this regard are misguided as they stand in contravention of the Court's November 7, 2006 Order establishing the cutoff of fact discovery.

The Court's Order of November 7, 2006 provides that "[o]n or before January 22, 2007, the parties shall complete fact discovery, inclusive of all depositions and written discovery." Plaintiff's subpoena set Sgt. Kopf's deposition for January 24, 2007, two days after the close of fact discovery. Plaintiff's subpoena is therefore untimely, and her efforts to enforce that subpoena through sanctions against Sgt. Kopf are inappropriate.

The United States is willing to agree to an extension of fact discovery to accommodate the scheduling of Sgt. Kopf's deposition and the continued deposition of Plaintiff. However, the United States believes that the parties should seek leave of Court either to modify the discovery deadlines or to conduct the depositions out of time. The Court should not reward Plaintiff's belated discovery efforts by enforcing a subpoena that sets a fact deposition after the close of fact discovery.

## II. Plaintiff Has Failed to Prove That the Sanction of Contempt is Warranted Given the United States' Reasonable Attempts to Provide the Plaintiff With the Relief She Now Seeks

Civil contempt is a severe remedy that requires the moving party to carry the heavy burden of proving a violation of a Court order by "clear and convincing evidence." *Filtration Dev. Co. v. United States*, 63 Fed.Cl. 418, 421 (2005) (citing *Preemption Devices, Inc. v.*

*Minnesota Min. & Mfg. Co.*, 803 F.2d 1170, 1172 (Fed.Cir. 1986); *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1524 (Fed.Cir. 1985)); *see also Navajo Nation v. United States*, 46 Fed.Cl. 353, 358 (2000); *Morris v. United States*, 37 Fed.Cl. 207, 214 (1997). To relinquish its heavy burden of proof, the moving party must show through clear and convincing evidence that: "'(1) the offending party violated an order of the Court; (2) the violation was more than *de minimis* or technical noncompliance; and (3) the conduct was not the product of a good faith [and] reasonable interpretation of the order.'" *Filtration Dev. Co.*, 63 Fed.Cl. at 421 (quoting *Navajo Nation*, 46 Fed.Cl. at 358; citing 7 James Wm. Moore Et Al., Moore's Federal Practice § 37.51[7][b] (3d ed. 1999)). Further, "[a]n implicit corollary to the elevated standard of proof imposed in civil contempt proceedings is the proposition that a party will not be held in contempt if 'there is a fair ground of doubt as to the wrongfulness of the party's conduct ….' *Filtration Dev. Co.*, 63 Fed.Cl. at 421 (quoting *MAC Corp. of America v. Williams Patent Crusher & Pulverizer Co.*, 767 F.2d 882, 885 (Fed.Cir. 1985)); *see also California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885); *Navajo Nation*, 46 Fed.Cl. at 358; *Morris,* 37 Fed.Cl. at 214. If the Court determines that Sgt. Kopf violated the subpoena, it should find that his violation was *de minimis* and that his conduct was not wrongful.

Counsel for Plaintiff scheduled the deposition of Sgt. Kopf without determining the availability of counsel for the United States.[4] Counsel for the United States contacted counsel for Plaintiff to inform him of the unavailability of counsel for the United States for the scheduled deposition and to reschedule the deposition. Counsel for Plaintiff refused to consider rescheduling the deposition. Counsel for the United States made repeated attempts to reschedule

---

[4] We are unaware of what efforts counsel for Plaintiff undertook to determine the

the deposition, highlighting counsel for the United States' willingness to honor counsel for Plaintiff's requests to reschedule his clients' depositions – sometimes on short notice – and noting the failure of one of his clients to appear for deposition. Counsel for Plaintiff rejected those overtures and demanded that the deposition go forward. Two days prior to the deposition, counsel for Plaintiff informed counsel for the United States that he did not plan on attending the deposition as "nobody" was going to be there. A week later, Plaintiff served the United States with its motion requesting that Sgt. Kopf be held in contempt and be ordered to stand for deposition within twenty (20) days.[5]

If Sgt. Kopf is found to have violated the subpoena, his violation should be considered *de minimis*. Plaintiff has not alleged that Sgt. Kopf or the United States oppose the deposition of Sgt. Kopf. The United States merely expressed its unavailability to attend the deposition and requested that it be rescheduled. If Sgt. Kopf followed the same course of action, his purported violation of the subpoena should be considered *de minimis* as Plaintiff suffered no prejudice from his actions.

Plaintiff claims that it was "substantially prejudiced" by Sgt. Kopf's failure to appear for the deposition. The United States fails to understand how Plaintiff was prejudiced given that no party opposed the taking of Sgt. Kopf's deposition but rather, sought to reschedule the deposition. Further, the United States notified Plaintiff of its interest in rescheduling the deposition several days prior to the event – just as Plaintiff had done in other situations involving the deposition of his clients - thereby providing Plaintiff with ample opportunity to modify whatever arrangements her counsel may have had made for the deposition. Moreover, Plaintiff's

---

availability of Sgt. Kopf.

motion seeks as it sole remedy the rescheduling of the deposition – the same resolution repeatedly offered by the United States to Plaintiff and summarily rejected by Plaintiff.

Detracting further from Plaintiff's claim of "substantial prejudice" is her response to the United States' offer to reschedule Sgt. Kopf's deposition following its fax receipt of her motion seeking Sgt. Kopf's deposition in twenty (20) days. Plaintiff responded to that query by notifying the United States and Sgt. Kopf that Plaintiff would be largely unavailable for the next month. Plaintiff certainly cannot maintain that she was "substantially prejudiced" by the attempted rescheduling of Sgt. Kopf's deposition, when she has dismissed the remedy she presently seeks.

Similarly, any efforts Sgt. Kopf may have made to reschedule the deposition should not be considered wrongful. Merely seeking to change the date of a deposition, without challenging the authority of the party seeking the deposition should not rise to the level of wrongful conduct let alone provide grounds for the imposition of civil contempt.

Plaintiff has failed to demonstrate that Sgt. Kopf's failure to appear for deposition was more than a *de minimis* violation of the subpoena or wrongful, and has thereby failed to provide "clear and convincing evidence" that Sgt. Kopf should be held in contempt.

**CONCLUSION**

The United States respectfully requests that the Court deny Plaintiff's motion.

Respectfully submitted this 2nd day of January, 2007.

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

---

5 Plaintiff's filing of its motion does not reference service on Sgt. Kopf or his counsel.

/s/ Kevin Webb
KEVIN S. WEBB
SARA E. CULLEY
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Tele: (202) 305-0479
Fax: (202) 353-2021
E-mail: Kevin.Webb@usdoj.gov

OF COUNSEL:

SHARON PUDWILL
Office of the Field Solicitor
United States Department of the Interior
Bishop Henry Whipple Federal Building
1 Federal Drive, Room 686
Ft. Snelling, Minnesota 55111-4030

PATRICK BUTLER, CPT, JA.
General Litigation Branch
United States Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203