**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAVETTA ELK,**<br>Plaintiff,<br>v.<br>**UNITED STATES,**<br>Defendant. | ) | Case No. 05-186L<br>Judge Francis M. Allegra |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL**

Plaintiff, LAVETTA ELK, by and through undersigned counsel, and pursuant to RCFC 26(a), 37(a) and 37(c), hereby files this Motion for Protective Order and Motion to Compel, and states as follows:

1. LAVETTA ELK was deposed in Rapid City, South Dakota on December 12, 2006 from 9:30 a.m to 2:50 p.m.

2. UNITED STATES now seeks to depose the Plaintiff upon oral examination for a second time prior to the discovery cut-off date of March 26, 2007, which was extended pursuant to Court Order dated February 8, 2007.

3. UNITED STATES contends that LAVETTA ELK should be re-deposed in that additional records have been obtained from some of LAVETTA ELK'S health care providers since her last deposition.

4. Prior to her first deposition, LAVETTA ELK *voluntarily* executed authorization forms allowing UNITED STATES to obtain copies of her medical records. LAVETTA ELK also produced to the UNITED STATES all medical records in her possession. The fact that additional records were obtained by UNITED STATES subsequent to the deposition of Plaintiff

is of no import. UNITED STATES certainly knew before taking the deposition of LAVETTA ELK that they might subsequently obtain some additional medical records regarding LAVETTA ELK. Nevertheless, UNITED STATES *chose* to compel LAVETTA ELK to travel over 90 miles to Rapid City, South Dakota on December 12, 2006 for her deposition, knowing that additional records might be forthcoming.

5. UNITED STATES' contention that the discovery of additional information is the basis for an additional deposition is subject to a slippery slope. Additional documents and information are constantly being obtained in the course of discovery. If a party could be re-deposed every time an additional fact is learned or document is obtained, discovery would never be completed.

6. Plaintiff has requested from counsel for UNITED STATES copies of the medical records, which they now claim warrant an additional deposition of the Plaintiff. Yet UNITED STATES vehemently refuses to produce to Plaintiff's counsel any medical records now in their possession. Notably, in the interest of cooperative discovery LAVETTA ELK *voluntarily* executed authorization forms allowing UNITED STATES to obtain these records. Astoundingly, UNITED STATES insists that it need not produce the records despite the fact that the plain language of RCFC 26 requires that such records be produced. Apparently, in the view of counsel for UNITED STATES, cooperative discovery is a one-way street that runs in their favor.

7. This is not a case in which LAVETTA ELK withheld documents from UNITED STATES or inhibited their discovery. LAVETTA ELK should not be penalized due to the fact that UNITED STATES *chose* to take her deposition before obtaining some records in response to

the authorizations.

8. In light of UNITED STATES' refusal to produce the records that it received after LAVETTA ELK's deposition, it is unclear to Plaintiff whether such records are relevant to the case and/or whether the subject of such records were addressed in LAVETTA ELK'S first deposition. UNITED STATES spent considerable time deposing LAVETTA ELK as to her medical history during her deposition. See Exhibit "B", Deposition of Lavetta Elk, pp. 76-93. It would appear doubtful that any additional questioning on this subject is necessary or warranted. Rather, it would appear that the purpose and intent of the deposition is harassment.

9. Plaintiff respectfully request that this Court Order UNITED STATES to produce a copy of all documents received from third parties as a result of LAVETTA ELK's Authorizations to Release Records and/or UNITED STATES' Subpoenas Duces Tecum in this case, which Plaintiff has previously requested.

10. Plaintiff further request that a Protective Order be entered preventing Defendant, UNITED STATES, from re-deposing LAVETTA ELK, who previously appeared for a lengthy deposition on December 12, 2006.

11. Prior to the filing of this Motion, Plaintiff's counsel made a good faith effort to resolve the issues raised herein to no avail.

WHEREFORE, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Protective Order and Motion to Compel in its entirety, award all relief to which Plaintiff is entitled pursuant to RCFC 37(c), and all other relief this Court deems just and appropriate.

Dated: February 12, 2007

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard, Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

By: s/ Jeffrey M. Herman .
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 12, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kevin Stark Webb, Esq.
kevin.webb@usdoj.gov

Bruce Barry, Esq.
brucebarrypa@yahoo.com

s/ Jeffrey M. Herman .