**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAVETTA ELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 05-186 |
| v. | ) | Judge Francis M. Allegra |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**FOR PROTECTIVE ORDER AND MOTION TO COMPEL**

Defendant, The United States of America, requests that the Court deny *Plaintiff's Motion for Protective Order and Motion to Compel* for the reasons set forth below.

**FACTS**

**I. Plaintiff's Medical and Psychotherapy Release Forms**

In September 2006, Plaintiff consented to signing forms that would release her medical and psychotherapy records to the United States. On September 29, 2006, the United States forwarded medical and psychotherapy release forms to Plaintiff requesting her signature. The United States asked that Plaintiff return the releases to it at her earliest convenience.

Despite the United States' repeated requests to Plaintiff for the releases, Plaintiff failed to produce them in a timely manner. Fearing that it was not going to receive Plaintiff's care givers' medical and psychotherapy records before Plaintiff's deposition, scheduled for December 5, 2006, the United States notified Plaintiff on November 13, 2006, that due to Plaintiff's untimely production of her releases, the United States reserved the right to conduct additional depositions upon receipt of Plaintiff's medical and psychotherapy records. Plaintiff provided the United States with her releases on November 15, 2006.

On December 1, 2006, the United States forwarded subpoenas and copies of Plaintiff's medical and psychotherapy release forms to two care givers identified in *Plaintiff's Lavetta Elk's Answers to Defendant, the United States of America's, First Set of Interrogatories* (attached as Exhibit A).[1/] Plaintiff's care givers would not release Plaintiff's information without receipt of the release forms. The subpoenas requested production of documents by December 18, 2006.

**II. Deposition of Plaintiff**

On September 20, 2006, the United States requested Plaintiff's available dates for deposition. On October 24, 2006, Plaintiff responded that she was available for deposition on December 4-6, 2006. As those dates fell shortly before the end of fact discovery, December 8, 2006 (under the Court's April 20, 2006 Order), the United States sought to negotiate an earlier date for Plaintiff's deposition.

On October 31, 2006, after much negotiation, Plaintiff consented to joining the United States in a motion seeking to enlarge the fact discovery deadline from December 8, 2006 to January 22, 2007.[2/] On November 1, 2006, Plaintiff agreed to be deposed on December 5, 2006. Thereafter, counsel for Plaintiff agreed to accept service of the United States' notice and subpoena for Plaintiff's deposition. The United States faxed copies of the deposition notice and subpoena for Plaintiff's deposition to counsel for Plaintiff on November 20, 2006 and completed service of the subpoena on Plaintiff's counsel on November 27, 2006.[3/]

---

[1/] Plaintiff faxed these answers to the United States on October 13, 2006. Plaintiff disclosed one of the two care givers identified in these answers in *Plaintiff's Initial Disclosures Pursuant to RCFC 26* (faxed to the United States on April 26, 2006) (attached as Exhibit B).

[2/] The Court granted that motion in its November 7, 2006 Order.

[3/] Service of the subpoena was delayed due to the observance of the Thanksgiving holiday.

The United States deposed Plaintiff for approximately 4 hours on December 5, 2007. As of the date of the deposition, the United States had not received any documents from Plaintiff's care givers. At the conclusion of its questioning on December 5th, the United States notified Plaintiff that the deposition would be considered "continuing" for two reasons: 1) the United States had not yet received Plaintiff's medical and psychotherapy records that it had subpoenaed due to Plaintiff's delay in providing the United States with her medical and psychotherapy releases; and 2) the United States had not had an opportunity to respond to *Plaintiff's Objection to Subpoena for Deposition Duces Tecum* (attached as Exhibit C) which it received shortly before Plaintiff's deposition.[4/]

On December 11, 2006, the United States received copies of Plaintiff's medical and psychotherapy records from one of Plaintiff's care givers.[5/] Those records included documents that Plaintiff had not previously produced to the United States.

**III. Additional Care Givers Identified by Plaintiff**

On December 20, 2006, Plaintiff faxed the United States *Plaintiff's, Lavetta Elk's Supplemental Answers to Defendant, the United States of America's, First Set of Interrogatories* (attached as Exhibit D). In those supplemental answers, Plaintiff identified three care givers not

---

[4/] *Plaintiff's Objection to Subpoena for Deposition Duces Tecum* (Exhibit C) provided that Plaintiff would not respond to the subpoena served upon her because she did not receive it at least 30 days prior to her deposition. In her deposition, Plaintiff testified that her counsel did not provide her with the deposition notice and subpoena until a few days before the deposition. December 5, 2006 Deposition of Lavetta Elk at 7:1-13; 9:1-8 (Pl.'s Mot. for Protective Order, Ex. B). In response to questions as to what she had done to respond to the subpoena, Plaintiff testified that her attorney instructed her not to bring anything to the deposition. Elk Deposition at 7:1-17; 8:17-9:21 (Pl.'s Mot. for Protective Order, Ex. B).

[5/] The other care giver subpoenaed by the United States responded that it did not have Plaintiff's medical and psychotherapy records.

referenced in her prior interrogatory responses.[6] The United States subpoenaed Plaintiff's medical and psychotherapy records from one of these care givers on January 12, 2007 seeking production of documents by January 22, 2007. That care giver produced documents to the United States on January 29, 2007. Plaintiff has not produced any records from this care giver to the United States.

On January 22, 2007, Plaintiff faxed the United States *Plaintiff's Answer to Defendant's Fourth Set of Interrogatories, Second Set of Request for Production and First Request for Admissions* (attached as Exhibit E). In that answer, Plaintiff identified three care givers not referenced in her prior discovery responses. The United States subpoenaed Plaintiff's medical and psychotherapy records from these care givers on January 30, 2007 seeking production of documents by February 13, 2007.[7] The United States has not yet received documents from Mercy Hospital.

**IV. Efforts Toward the Continued Deposition of Plaintiff**

Following receipt of Plaintiff's medical and psychotherapy records from Plaintiff's care givers, the United States repeatedly requested Plaintiff's available dates for deposition. Plaintiff refused to schedule the United States' continued deposition of Plaintiff without being given an opportunity to review the records produced to the United States by Plaintiff's care givers. On

---

[6] In her December 5, 2007 deposition, Plaintiff referenced one of these additional care givers by name and generally referred to two other care givers. Elk Deposition at 45:2-4; 79:7-11 (Pl.'s Mot. for Protective Order, Ex. B).

[7] On February 1, 2007, one of Plaintiff's care givers refused to produce her records because Plaintiff had not dated her signature on the release forms. On February 2, 2007, the United States returned the releases to Plaintiff and requested that she provide a date for her signature and return the forms to the United States. The United States has not received the corrected releases from Plaintiff.

January 22, 2007, the United States informed Plaintiff that it was under no duty to provide the requested documents to Plaintiff as: 1) Plaintiff had propounded no written discovery on the United States, 2) the documents at issue were not in the possession, custody or control of the United States, and 3) the documents were equally accessible to Plaintiff from Plaintiff's care givers.[8]

**ARGUMENT**

Pursuant to RCFC 30(d)(2), the United States should be permitted to continue the deposition of Plaintiff to ensure a fair examination of Plaintiff and because Plaintiff impeded the United States' prior examination of Plaintiff. Further, Plaintiff has provided no support for her argument that the Court should compel the United States to produce documents it obtained through its fact finding efforts. Accordingly, *Plaintiff's Motion for Protective Order and Motion to Compel* should be denied.

RCFC 30(d)(2) provides that:

> The Court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.

The United States' December 5, 2006 examination of Plaintiff was impeded by Plaintiff's

---

[8] On January 31, 2007, nine days after the close of fact discovery under the Court's November 7 Order, Plaintiff faxed the United States a *Request for Copies.* That request seeks copies of documents that the United States obtained through subpoena to a care giver identified in *Plaintiff's, Lavetta Elk's Supplemental Answers to Defendant, the United States of America's, First Set of Interrogatories*. Following the Court's February 8, 2007 Order reopening fact discovery, Plaintiff faxed a second *Request for Copies* to the United States. That February 13, 2007 request seeks copies of documents that the United States obtained through subpoenas to care givers identified in *Plaintiff's Answer to Defendant's Fourth Set of Interrogatories, Second Set of Request for Production and First Request for Admissions*. On February 20, 2007, the United States received by fax *Plaintiff's First Request for Production*. That request seeks documents pertaining to Plaintiff's recruitment and Sergeant Joseph Kopf's military file.

failure to provide the United States with her medical and psychotherapy releases in a timely manner. Following her consent to signing medical and psychotherapy releases, the United States forwarded release forms to Plaintiff on September 29, 2006. After the United States made numerous requests for the signed releases and notified Plaintiff that it may seek additional deposition of Plaintiff if her medical and psychotherapy records were not available for her scheduled deposition, Plaintiff provided the releases to the United States on November 15, 2006, three weeks before her deposition. Due to Plaintiff's delay in providing the United States with the releases, the United States was unable to procure Plaintiff's medical records prior to her deposition. As a result, the United States was unable to prepare for and conduct a thorough examination of Plaintiff on December 5, 2006 as to the counseling, assistance, or treatment she received for the injuries alleged in her complaint.

The United States' examination of Plaintiff was further impeded by Plaintiff's failure to properly disclose the identity of care givers that provided her with counseling, assistance or treatment for the injuries Plaintiff has alleged in this action. In her April 2006 RCFC 26 disclosures, Plaintiff identified one care giver. In her October 2006 response to the United States' First Set of Interrogatories, Plaintiff identified a second care giver. In her December 2006 deposition and supplemental response to the United States' First Set of Interrogatories, Plaintiff identified three more care givers. And, in her January 2007 response to the United States' Fourth Set of Interrogatories, Plaintiff identified three additional care givers. By the time of Plaintiff's December 5, 2006 deposition, she had only disclosed two of the eight care givers who provided her with counseling, assistance or treatment for the injuries she alleged as a part of this action.

Plaintiff's delay in providing the United States with the identity of her care givers

resulted in a corresponding delay in the United States' acquisition of Plaintiff's medial and psychotherapy records from those care givers. Indeed, the United States is still waiting to receive copies of Plaintiff's medical and psychotherapy records from care givers that she first identified on January 22, 2007.

Plaintiff's failure to provide full and accurate discovery responses impeded the United States' ability to examine Plaintiff regarding the care she has received for her alleged injuries. The Court should not reward Plaintiff for her failure to provide complete responses to discovery requests and her failure to provide releases in a timely manner. Indeed, the Court should provide the United States with the opportunity to continue the deposition of Plaintiff so that it can conduct a fair examination of Plaintiff on the counseling, assistance and treatment she received from the care givers identified in her discovery responses.

The United States' examination of Plaintiff was further impeded by Plaintiff's refusal to produce documents pursuant to the subpoena associated with the deposition. *Plaintiff's Objection to Subpoena for Deposition Duces Tecum* is unfounded and served as nothing more than another impediment to the United States' examination of Plaintiff.

In her objection, Plaintiff asserted that she was not complying with the subpoena as it had not been served upon her 30 days prior to her deposition as required under RCFC 30(b)(6) and 34. Plaintiff's reliance on these Rules is misplaced. RCFC 30(b)(6) pertains to the deposition of "a public or private corporation or a partnership or association or governmental agency." Plaintiff is an individual and not an entity as described in RCFC 30(b)(6). Therefore, RCFC 30(b)(6) does not apply to her deposition.

Plaintiff's reliance on Rule 34 is also misguided. Rule 34 is directed to the "Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes." It provides

the framework for the discovery of documents and tangible items through the written discovery process (i.e., requests for production). For guidance pertaining to subpoenas, Plaintiff need look to RCFC 45. RCFC 45(c)(3)(A)(i) states that the Court shall quash or modify a subpoena if it fails to provide a "reasonable time" for compliance. It does not provide a specific minimum number of days for compliance.

In Plaintiff's objection, Plaintiff made no showing that the time for compliance provided by the United States' subpoena was unreasonable. Regardless, the time for compliance should not be considered unreasonable as counsel for Plaintiff received a copy of the notice and subpoena via fax 15 days prior to the deposition and accepted service of the subpoena on Plaintiff's behalf 8 days prior to the deposition.[9/] Furthermore, Plaintiff was on notice of then deposition and its likely requirements when she agreed to be deposed 34 days prior to its occurrence.[10/]

By failing to respond to the subpoena, Plaintiff deprived the United States of the opportunity to examine documents relevant to her claims in this litigation. Accordingly, Plaintiff's unfounded objection to providing documents pursuant to a subpoena further impeded the United States' examination of Plaintiff and provides additional grounds for permitting the United States' continued deposition of Plaintiff.

Putting aside how Plaintiff's actions have impeded the United States' examination of her, the United States cannot conduct a fair examination of Plaintiff without having first had an

---

9/ The United States' subpoena for Plaintiff's deposition is attached as Exhibit F.

10/ Counsel for Plaintiff's failure to notify Plaintiff of the subpoena until a "few days" before the deposition should not be taken into account as to whether the time for compliance was reasonable.

opportunity to review all of Plaintiff's relevant medical and psychotherapy records. Plaintiff has alleged that she has suffered medical and psychological injuries as a result of the events alleged in her complaint. Plaintiff's medical and psychotherapy records provide the best evidence of Plaintiff's damages claims. Without this "best evidence," the United States is unable to adequately examine Plaintiff regarding her damages claims. The United States should be given an opportunity to examine Plaintiff after it has been given an opportunity to review all of Plaintiff's relevant medical and psychotherapy records. That is the only manner by which the United States can conduct a fair examination of Plaintiff.

Finally, Plaintiff provides no basis for her motion to compel. Plaintiff simply requests a motion to compel because she wants to obtain documents from the United States. Plaintiff makes no showing that the United States has failed to respond to a discovery request or taken other action deserving of a motion to compel. Further, the original documents Plaintiff seeks are not in the possession, custody, or control of the United States and therefore, the United States is under no duty to disclose them to Plaintiff. The records at issue, pertaining to Plaintiff's own treatment, are readily available to Plaintiff from Plaintiff's care givers. A "court may deny a party's discovery request when it seeks information from his adversary that is readily available to the party making the request." *ACLI Int'l Commodity Serv., Inc. v. Banque Populaire Suisse*, 110 F.R.D. 278, 288 (S.D.N.Y. 1986). As the court stated in *Dushkin Publ'g Group, Inc. v. Kinko's Serv. Corp.*, "discovery need not be required of documents of public record which are equally accessible to all parties." 136 F.R.D. 334, 335 (D.D.C. 1991) (quoting *SEC v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 995 (S.D.N.Y. 1973)); *see also Rincon v. United States*, Order dated Feb. 29, 1980 at 3 ("There is no showing of need for production of Government's copies where the original documents or other evidence have been equally accessible to both parties if

they are willing to exert the necessary effort to sort them out.") (citations omitted) (attached as Exhibit G).

Plaintiff has failed to demonstrate why the Court should direct the United States to provide Plaintiff with documents it obtained through its fact finding efforts. That inappropriate measure is not justified. Plaintiff has provided nothing requiring the invasion of the attorney work product doctrine and the production of information and materials gathered and assembled by the United States' counsel. *See Rincon,* at 4 (citing *Hickman v. Taylor*, 329 U.S. 495 (1947)). Plaintiff clearly has the ability to obtain copies of her medical and psychotherapy records. "Production of documents should not be ordered 'merely to serve the convenience of counsel, or as reassurance that counsel has overlooked nothing, or on a mere hope that the documents sought may be useful to the moving party.'" *Id*., at 4 (quoting *Flickinger v. Aetna Casualty & Surety Co.*, 47 F.R.D. 533, 535). Accordingly, Plaintiff's motion to compel should be denied.

**CONCLUSION**

The United States respectfully requests that the Court deny *Plaintiff's Motion for Protective Order and Motion to Compel* and overrule *Plaintiff's Objection to Subpoena for Deposition Duces Tecum*.

Respectfully submitted this 21st day of February, 2007.

MATTHEW J. MCKEOWN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/ Kevin Webb by Sara E. Culley
KEVIN S. WEBB
SARA E. CULLEY
Trial Attorneys
Natural Resources Section
Environment & Natural Resources Division

United States Department of Justice
P. O. Box 663
Washington, D.C. 20044-0663
Tele: (202) 305-0479
Fax: (202) 353-2021
E-mail: Kevin.Webb@usdoj.gov

OF COUNSEL:

SHARON PUDWILL
Office of the Field Solicitor
United States Department of the Interior
Bishop Henry Whipple Federal Building
1 Federal Drive, Room 686
Ft. Snelling, Minnesota 55111-4030

PATRICK BUTLER, CPT, JA.
General Litigation Branch
United States Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203