# EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **LAVETTA ELK,** | ) | Case No. 05-186L |
| | ) | Judge Francis M. Allegra |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S, LAVETTA ELK'S ANSWERS TO DEFENDANT, THE UNITED STATES OF AMERICA'S, FIRST SET OF INTERROGATORIES**

Pursuant to RCFC 33, the Plaintiff, LAVETTA ELK, by and through her undersigned counsel, hereby serves her answers to the Defendant, THE UNITED STATES OF AMERICA, First Set of Interrogatories as follows:

**GENERAL OBJECTIONS**

1. Plaintiff objects to Defendant's Interrogatories to the extent that the discovery calls for the disclosure of information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity, whether created by statute or common law. Plaintiff claims such privileges and protections to the extent implicated by each Interrogatory, and excludes privileged and protected information from any responses to Defendant's discovery. Any disclosure is inadvertent and is not intended to waive those privileges or protections, which are specifically reserved.

2. Plaintiff objects to Defendant's Interrogatories to the extent that same are vague, ambiguous, incomprehensive and overly broad.

3. Plaintiff objects to Defendant's Interrogatories to the extent that the

Interrogatories seek to impose obligations beyond those imposed by applicable law and the Florida Rules of Civil Procedure.

4. The applicable foregoing general objections are incorporated into each of the specific objections and responses that follow. The stating of a specific objection or response shall not be construed as a waiver of Plaintiff's general objections. Plaintiff reserved the right to supplement these responses and to make further objections. Plaintiff's responses shall neither waive nor prejudice any objections that Plaintiff may later assert.

5. Plaintiff reserves the right to supplement or amend its Responses and Objections to Defendant's Discovery as and if additional information becomes available.

Subject to and without waiving any of the foregoing objections, which Plaintiff hereby incorporate into each Interrogatory set forth below, Plaintiff responds to Defendant's Interrogatories as follows:

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1:

Identify all material facts that Plaintiff contends support her claim, alleged in ¶ 15 of Plaintiff's Complaint, that she "has suffered and continues to suffer from severe anxiety, depression, shame humiliation, the inability to lead a normal life, and psychological and emotional trauma," and that her "injuries are persistent, permanent and debilitating in nature."

RESPONSE:

The answer to the Interrogatory is self-explanatory. As described in the Complaint, the traumatic sexual assault committed by Sergeant Kopf has caused me to experience severe emotional injuries including but not limited to depression, anxiety, fear, sleep disturbances, loss of self-worth, shame and humiliation. My diagnoses include depression, acute stress disorder and insomnia.

After the assault, I had to leave home for a while because I was always hearing Sgt. Kopf's voice when I would drive by a canyon, eat something he ate or remember something he said. I would remember hearing his voice asking me how long it would take to find someone if they just dumped a body out by the hills. I have had constant nightmares since the assault. I took a shower so many times to scrub and wash it all away. I went to my brother's house in Idaho for a get-together and his sister-in-law had a boyfriend who looked like Sgt. Kopf so I could not stay there. My self-esteem has gone down. I used to be happy and goal-oriented and just happy to be alive, now I carry around a lot of anger. I want to change everything he told me he liked about me. After the assault, I cut my hair, stopped exercising, lost my appetite, and I stopped caring about my future. I also drank alcohol to make the pain go away. I have difficulty with intimate relationships because I would not want a male to touch or come near me. I am constantly emotional and I cry often.

The scope, extent and cause of Plaintiff's injuries will be the subject of expert testimony.

INTERROGATORY NO. 2:

Identify all material facts that Plaintiff contends support her claim, alleged in ¶ 20 of Plaintiff's Complaint, that Joseph P. Kopf willfully, maliciously, and intentionally assaulted Plaintiff.

RESPONSE:

On January 7, 2003 at approximately 9:20 A.M. Sergeant Kopf came to Wounded Knee to pick me up and told my father that I needed to go back to Sioux Falls with him for a height and weight evaluation. We drove in Sergeant Kopf's car toward Manderson and he turned on White Horse Creek dirt road. He said he needed to see someone and do some business first. He drove past all the houses, and I knew no one lived that far out. As he was driving he saw a trail off the road and made a turn down the road. He drove behind a big hill and he stopped the car and turned the ignition off. I asked him what he was doing and he said we needed to talk. He asked, "Do you think if someone hid a body out here any one would find it?" He started asking about my family and college. He started rubbing my hand and I pulled away but he grabbed my hand. He started talking about how I was cute and how he liked me. He was making me really uncomfortable. He leaned in and tried to kiss me. I was pushing him away and he kept asking me what was wrong. I was pushing him away but he started kissing and licking me. I pushed him as hard as I could, and he just said that he liked how I was feisty. I told him that we shouldn't be doing this and that it was wrong. He asked why it was wrong and started kissing me again. I pushed him away and I told him I wanted him to stop. He stopped, but then started asking about my family then he put his arm around me and started trying to kiss me again. He locked the car doors and told me that he knew that I was a virgin and he would make it pleasurable. He then positioned himself on top of me. I pushed him with my right arm but he grabbed it and held it above my head. I turned my head so he would not kiss me and I tried to push him away. He let go of my arm and put his hand up my shirt, touch my breasts and then he tried to unbutton my pants and was putting his hand down my pants between my legs. I pushed and pushed. He finally stopped and I told him I wanted to go.

INTERROGATORY NO. 3:

Provide an accounting of Plaintiff's claimed compensatory damages of $100,000,000.00, including but not limited to, a detailed description of every expense or loss Plaintiff alleges is associated with the injuries alleged in ¶ 15 of her Complaint, identifying the nature of the expense or loss, the date of the expense or loss, and the names of the payors and payees.

RESPONSE:

See response to Interrogatory No. 1. In addition, the sexual assault has adversely affected my ability to obtain and keep employment. The monetary damages resulting from Plaintiff's assault will be the subject of expert testimony.

INTERROGATORY NO. 4:

Describe in detail any counseling, assistance or treatment Plaintiff received for the injuries alleged in ¶ 15 of her Complaint, identifying the names of the facilities where the counseling, assistance or treatment was received, the names of the treating professionals, the dates of counseling, assistance or treatment, the counseling, assistance or treatment received (including any tests that were taken), any medications prescribed and the costs associated with the counseling, assistance or treatment.

RESPONSE:

I went to Kyle Mental Health in January 2003 and I was treated by Jean Hammond. I also went to Pine Ridge Mental Health (IHS Indian Hospital - Pine Ridge PO Box 1201, Pine Ridge, South Dakota 57770) beginning in January 2003 and was treated by Laura Graham and Kim (last name unknown). A more detailed description of services rendered may be obtained from the health care providers.

INTERROGATORY NO. 5:

Describe in detail any therapy, counseling, psychological or psychiatric treatment Plaintiff received prior to January 7, 2003, identifying the names of the facilities where treatment was received, the names of the treating professionals, the dates of the treatment, the treatment received (including any tests that were taken), any medications prescribed and the costs associated with treatment.

RESPONSE:

None.

INTERROGATORY NO. 6:

Describe in detail therapy, counseling, psychological or psychiatric treatment Plaintiff received following January 6, 2003, identifying the names of the facilities where treatment was received, the names of the treating professionals, the dates of the treatment, the treatment received (including any tests that were taken), any medications prescribed and the costs associated with treatment.

RESPONSE:

605-455-2451 → 3 years (her home no. 605-685-6672)

I went to Kyle Mental Health in January 2003 and I was treated by Jean Hammond. I also went to Pine Ridge Mental Health (IHS Indian Hospital - Pine Ridge PO Box 1201, Pine Ridge, South Dakota 57770) beginning in January 2003 and was treated by Laura Graham and Kim (last name unknown).

→ training 2pm → Pearson 605-867-5131

INTERROGATORY NO. 7:

Describe in detail Plaintiff's employment history, including the names of employers, positions held, duties and responsibilities of each position, and the dates employed.

RESPONSE:

I was employed at Youth Opportunity as a Youth Worker/ Peer Mentor from approximately June 2001 through January 2004. I was responsible for communicating confidential information between youth workers and the site coordinator. I scheduled activities for the youth, fundraised and performed youth counseling.

INTERROGATORY NO. 8:

Describe in detail the expected testimony of each witness identified in Plaintiff's Initial Disclosures.

RESPONSE:

**Lavetta Kathy Elk, Plaintiff:** Please see my response to Interrogatory No. 2 as well as my statement with Bates Nos. ELK 00092-ELK 00094.

**Sergeant Joseph Kopf, Perpetrator:** Knowledge of the assault he committed, his initial lies and subsequent admission of the assault, and the events that preceded the assault, his motives during and before the assault, as well as his job duties as a recruiter, our communications in the course of being recruited for the Army, and my interest in the Army. He is also aware of the events leading to the Restraining Order.

**Jackie Randall:** Knowledge that Sergeant Kopf dropped Me off at Jackie's home after the assault and I informed her what had just happened.

**Shane Montgomery, boyfriend of Jackie Randall:** Knowledge of greeting me when Sergeant Kopf dropped me off at Shane and Jackie's place. He will testify that he was told by Jackie Randall what had just happened to me and he then proceeded to call the recruiting office. He spoke with Sergeant Cost who answered the phone at the recruiting office.

**Sergeant Cost, Commanding Officer of Sergeant Kopf:** He took the phone call from Shane Montgomery at the recruiting station. Sergeant Cost told me not to call the police because Sergeant Kopf was allegedly federally protected. He conveyed to Shane that I should instead write down what happened and to fax it to him.

**Carol Weston (Black Elk), Lavetta Elk's Aunt:** She will testify that I called her on the date of the incident and I told her what had happened.

**Noritta High Hawk, Lavetta Elk's aunt:** She will testify as to my Aunt Carol calling her telling her what happened to me. She then told my father and my older sister.

**Emerson Elk, Lavetta Elk's Father:** He will testify that he called the police after getting a call from my Aunt. He told them that I was too much in shock to say or do anything. He will testify that the recruiter was at his home. He will testify as to my injuries from the sexual assault. See also Statement by Emerson Elk Bates No. ELK 00095- ELK 00100

**Jerilyn Elk, Lavetta Elk's Mother:** She will testify as to Sergeant Kopf picking me up at her house and as to my injuries.

**Nicole Kocier Johnson:** She was another army recruit who was stalked by Sergeant Kopf.

**Lt. Eugenio White Hawk:** He is the police officer on the reservation; he participated in the investigation.

**Robert E. Eagle Elk:** He will testify as to his knowledge of a report to the recruiting station of prior misconduct by Sergeant Kopf.

INTERROGATORY NO. 9:

Describe in detail any and all communications and/or interactions Plaintiff had with Joseph P. Kopf identifying the location, medium, dates, subject matter, and initiator of those communications or interactions.

RESPONSE:

The following is a list of our communications to the best of my recollection:

| Date | Location | Medium | Subject Matter | Initiator |
|---|---|---|---|---|
| 2001, Junior Year | Red Cloud Indian High School | Telephone | To schedule meeting at school to give more information about the Army | Sergeant Kopf |
| 2001, Junior Year | Red Cloud Indian High School | Meeting at School | Asked about military background in family | |
| 2001, Junior Year | Red Cloud Indian High School | Meeting at School | He talked to me about my family who was in the military. He knew where they were stationed, where they went and how they died. I told him how I wanted to be the first female in my family to join the military | |
| 2002, Senior Year | Home | Telephone calls | Started calling my home ever other week. He asked for my email to send me information which he did not send. I would talk about problems I was having with my family. | Sergeant Kopf |
| 2002, Senior Year | Red Cloud Indian High School | Meeting at Counselor's office in school | He would come by my school once a week and pull my out of class and we would "just talk." | Sergeant Kopf |
| 2002, Senior Year | Home | Visits to Home | He would start to come by my house and talk to my family. | Sergeant Kopf |
| 2002, Senior Year, after 18th birthday | | | He asked me to the movies a few times. | Sergeant Kopf |

| Date | Location | Medium | Subject Matter | Initiator |
|---|---|---|---|---|
| 2002, Senior Year, after 18th birthday | Home and School | Various Calls and visits | He kept calling and showing up at school after I had stopped talking to him for a short while. | Sergeant Kopf |
| 2002, Senior Year, after the Lakota Nation Invitational | | Conversation | He told me that he watched my volleyball games and that he liked the way I looked in my uniform. He told me I was cute for the first time. He told me he was supposed to be watching his other recruits but he didn't mind watching me. | Sergeant Kopf |
| After Graduating from school. | | Conversations | I started talking to him again after school ended. I told him that I was just going to go to school as I got a full scholarship. He got upset that the school I was going to was "so far away but not to worry because he could visit since it was close to Ft. Riley, Kansas." I informed him that I wanted to go to college first then the military. He agreed. | |
| While in college | Kansas City | Various E-mails | After he sent me emails, I responded in order to be friendly. In one email he told me to call him because he had some information about the military. | Sergeant Kopf |
| While in college | Kansas City | Telephone | I called Sergeant Kopf and left message in response to the above email. | Lavetta Elk |
| While in college at 1:00 am | Kansas City | Telephone | Sergeant Kopf called me. He said he, "wanted to talk to someone who understands." | Sergeant Kopf |
| Next day | Kansas City (location of Lavetta Elk | Telephone | Sergeant Kopf called again and said he wanted to know what I did the night before, who was with me, who the male voice was and how late I stayed out. I told him the answers. | Sergeant Kopf |
| September, 2002 | Kansas City (location of Lavetta Elk) | Telephone | He told me that the field I wanted to join was wide open and that the time to join the military was now. | Sergeant Kopf |
| Back home | Kyle, SD on American Horse Creek dirt road | In person Conversation | I went with Kopf to recruit some people. He made advances to me. I refused and he promised not to do it again | Sergeant Kopf |

| Date | Location | Medium | Subject Matter | Initiator |
|---|---|---|---|---|
| Various times | At home | Phone calls or personal visits | He would call or stop by and visit. | Sergeant Kopf |
| 19th Birthday, 2002 | Home in South Dakota | Telephone | He called and we talked for a few hours. | Sergeant Kopf |
| Christmas 2002 | Home in South Dakota | Telephone | | Sergeant Kopf |
| New Years 2003 | Home in South Dakota | Telephone | | Sergeant Kopf |
| January 2003 | In Sergeant Kopf's government vehicle | | He assaulted me. | Sergeant Kopf |
| Three days after the assault | Gas Station | Unspoken communication | I was at the gas station and Sergeant Kopf was there. He just looked at me and smiled. | Sergeant Kopf |
| Later that night | My home | Telephone | He called my room later that night. When I was going to hang up he said he was sorry and that he didn't mean to scare me, he thought I liked him. | Sergeant Kopf |
| That same night | My home | Telephone | A second phone call | Sergeant Kopf |
| That same night | My home | Telephone | A third phone call | Sergeant Kopf |
| A few weeks after getting the restraining order | My home | Telephone | He called me again. He was mad and he said he could not believe I would blow things out of proportion, that things didn't need to go that far and that he was sorry. I just hung up the phone. | Sergeant Kopf |

INTERROGATORY NO. 10:

Identify each person who has knowledge of any of the facts alleged in ¶¶ 4-15 of the Plaintiff's Complaint.

RESPONSE:

See names of persons identified elsewhere in these Interrogatories.

INTERROGATORY NO. 11:

Identify each document relating to the facts alleged in ¶¶ 4-15 of Plaintiff's Complaint and the custodian of each document.

RESPONSE:

1. Statement by Lavetta Elk dated January 9, 2003 with Bates No. ELK00092 - ELK00094

2. Statement by Emerson Elk dated January 7, 2003 with Bates No. ELK00095 – 00100

3. Temporary Restraining Order dated February 5, 2003 with Bates No. ELK00102 - ELK00104

4. Bureau of Indian Affairs Incident Report drafted by Robert Bennett, Special Agent, Bureau of Indian Affairs – OLES Dated January 1, 2003 with Bates No. ELK00101

5. Treaty with Sioux of April 29, 1968

6. Oglala Lakota Nation Department of Public Safety Incident Report dated January 7, 2003 with Bates No. ELK00101

7. Confirmation of Lavetta Elk's Role Number from Oglala Sioux Tribe, Department of Confirmation signed by Bernadine Blue Bird, Enrollment Director with Bates No. ELK00091

8. Pine Ridge Hospital Records and Women's Health Center Clinic records with Bates No. ELK00001-ELK00090

9. All documents produced by Defendant.

[signature]
[SIGNATURE]

LAVETTA ELK
[PRINT NAME]

STATE OF SOUTH DAKOTA )
)ss
COUNTY OF )

BEFORE ME, personally appeared, LAVETTA ELK, who after being first duly sworn, deposes and states that he/she has executed the foregoing Responses to Defendant's, First Set of Interrogatories, and that they are correct to the best of her knowledge and belief.

THE FOREGOING INSTRUMENT was sworn to and subscribed before me this 5th day of October, 2006.

______ Personally known to me; or
✓ Produced Identification: SD Operator License
(Type of Identification)

Annabelle Black Bear
NOTARY PUBLIC,
STATE OF SOUTH DAKOTA

My Commission No.

My Commission Expires: 02-23-09

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard
Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

By:______________________
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that a true and correct copy of the foregoing was served via facsimile and U.S. Mail this 13 day of October, 2006 to Kevin S. Webb, Trial Attorney, United States Department of Justice, Natural Resources Section, P.O. Box 663, Washington, D.C. 20044-0663.

______________________

L:\Elk-Lavetta\Ans 1st Interrogatories.New.01doc