# Exhibit G

IN THE UNITED STATES COURT OF CLAIMS

TRIAL DIVISION

No. 80-A

(Filed February 29, 1980)

FILED
FEB 29 1980
COURT OF CLAIMS

| | | |
|---|---|---|
| RINCON BAND, et al. | ) | Production of documents; requirement of particularity; good cause; attorney's work product; expert witness' research documents; Rules 71(a)(2) and (e)(2), 71(b)(2), 74(a)(2); 25 U.S.C. § 70m. |
| v. | ) | |
| THE UNITED STATES | ) | |

ORDER OF TRIAL JUDGE DENYING PLAINTIFFS' MOTION FOR ORDER THAT DEFENDANT PRODUCE DOCUMENTS

Plaintiffs move for an order pursuant to Rule 74 requiring defendant to produce for inspection and copying--

> all letters, papers, documents, maps, or records (i) which have been gathered, collected, or copied directly or indirectly from official files, records, or archives in the possession of any officer or department or court of the United States or committee of Congress, (ii) which are now in the possession of defendant's expert anthropologist, Dr. Herbert Harvey, or of any of his employees or investigators, (iii) which have not already been produced for inspection and copying by plaintiffs, and (iv) which relate in any way to any issue in Docket 80-A, including the history of agriculture and water development on the La Jolla, Pala, Pauma, Rincon or San Pasqual Reservations in California.

Plaintiffs assert that the issue as to whether or not the United States is liable for failure to protect plaintiffs' water rights from infringement by non-Indians over the period from 1894 to the present turns on the history of

agriculture and water development on the reservations from 1848, when Mexico ceded California to the United States, to date. To develop the relevant historical facts, plaintiffs have engaged an experienced anthropologist and ethno-historian who has, among other things, been engaged in examining documents in federal records centers and archives in Southern California and Washington, D.C., over a 10-year period and has thus far collected approximately 5,000 pages of such documents.

Plaintiffs believe, however, that significant gaps still exist in the government documents plaintiffs' expert has collected -- due to poor indexing, poor copying, or the fact that some documents may no longer exist. While plaintiffs' expert is continuing her research at various federal records centers, plaintiffs seek access to all of the documents collected by defendant's expert anthropologist because "Plaintiffs could obtain such documents much more quickly and easily from Dr. Harvey than from anywhere else."

Plaintiffs do not limit themselves to documents which defendant expects to offer in evidence but demand access to relevant documents in defendant's possession "whether or not defendant will rely on them as exhibits at trial."

Plaintiffs concede that the various government departments where the original documents are located have been cooperative and that "Some of the gaps could no doubt be filled by further archival research," but they prefer to obtain them from defendant's expert because further research by plaintiffs' witness

"would be very time consuming and expensive."

In support of this motion, plaintiffs cite section 14 of the Indian Claims Commission Act of 1946 (25 U.S.C. § 70m). Such reliance is misplaced. That section provides for "full and free access" to government records, wherever located, but plaintiffs admit that such access has been provided to them and their expert. Nothing in the section states that they are entitled to have the benefits of the labors of defendant's attorneys and their agents in selecting the documents plaintiffs deem pertinent to their case.

Allowance of a motion for an order by this court for the production of documents requires a showing that there is good cause therefor. Rule 71(a)(2) and (e)(2). The good cause requirement entails a showing of need and not merely relevance to the issues. Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). There is no showing of need for production of Government's copies where the original documents or other evidence have been equally accessible to both parties if they are willing to exert the necessary effort to sort them out. Guilford National Bank of Greensboro v. Southern Railway, 297 F.2d 921, 926-27 (4th Cir. 1962); Securities and Exchange Commission v. Samuel H. Sloan & Co., 369 F. Supp. 994, 995 (S.D. N.Y. 1973). Production of documents should not be ordered "merely to serve the convenience of counsel, or as reassurance that counsel has overlooked nothing, or on a mere hope that

the documents sought may be useful to the moving party." Flickinger v. Aetna Casualty & Surety Co., 37 F.R.D. 533, 535 (W.D. Pa. 1965), citing 2A Barron and Holtzoff, Federal Practice and Procedure, § 796 at 426-28 (Wright ed. 1961). The reasons advanced by plaintiffs do not show good cause here.

Under Rule 74(a)(2) the motion must also "show with reasonable particularity * * * the documents or things desired." Reasonable particularity is defined to mean that "each such document or thing is so identified that its extraction from the files, or other method of identification and procurement, may reasonably be made by the officer or employee responsible therefor." A demand as broad as that made by plaintiffs here does not comply with the requirement of reasonable particularity. See Shakespeare Co. v. United States, 182 Ct. Cl. 119, 389 F.2d 772 (1968).

Plaintiffs' motion is also in conflict with the rule against required production of an attorney's work product in the absence of demonstrated substantial need therefor. Hickman v. Taylor, 329 U.S. 495 (1947). That rule is not confined to information or materials gathered or assembled by an attorney but likewise covers the work product of his agents, representatives, investigators, or others retained for that purpose. United States v. Nobles, 422 U.S. 225, 238-39 (1975); Diversified Industries, Inc. v. Meredith, 572 F.2d

596, 603 (8th Cir. 1977); Burlington Industries v. Exxon Corp., 65 F.R.D. 26, 42 (D. Md. 1974). And compare also Fed. R. Civ. P. 26(b)(3) and Advisory Committee note on that rule, 48 F.R.D. at 502 (1970). As was well-stated in McCarthy v. Palmer, 29 F. Supp. 585, 586 (E.D.N.Y. 1939), aff'd on other grounds, 113 F.2d 721 (2d Cir. 1940):

> While the Rules of Civil Procedure were designed to permit liberal examination and discovery, they were not intended to be made the vehicle through which one litigant could make use of his opponent's preparation of his case. To use them in such a manner would penalize the diligent and place a premium on laziness.

And cf. also Mr. Justice Jackson, concurring in Hickman v. Taylor, supra, at 516: "Discovery was hardly intended to enable a learned profession to perform its functions either without wits or on wits borrowed from the adversary."

Finally, plaintiffs argue that the work product rule does not apply with respect to experts expected to testify at trial, and that defendant's expert, Dr. Harvey, is subject to wide-ranging discovery of all documents which were reviewed in preparing his reports. Defendant states, however, that it has not yet decided whether or not it will call Dr. Harvey as a witness.

Rule 71 provides--

> (b) Scope of Discovery: Unless otherwise ordered by the court, the scope of discovery is as follows:
>
> * * * *
>
> (2) Experts: (i) By means of written interrogatories in conformity with Rule 73, a party may require

> any other party (a) to identify each person whom the other party expects to call as an expert witness and (b) to state the subject matter on which the expert is expected to testify.
>
> (ii) In relation to the expert testimony to be adduced at the trial, the court, on its own motion or the motion of a party, may require the submission or exchange of (a) statements of the proposed direct testimony of expert witnesses, in narrative or question and answer form, or (b) summaries of experts' reports. Every such summary shall contain the substance of the report in terms of conclusions and the principal facts deemed to support the expert's conclusions.

It is noted that the rule only provides for discovery of the proposed direct testimony of expert witnesses or summaries of their reports. Presumably the court retains discretion to allow the use of depositions or to require the production of documents under the introductory phrase "Unless otherwise ordered". However, it is not at all likely that the exercise of that discretion would be exercised to require the production of documents for the purposes for which plaintiffs now seeks them and without regard to the work product restriction.

Rule 26(b)(3) of the Fed. R. Civ. P. is in effect a codification and refinement of the rationale of Hickman v. Taylor, supra. Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 487 F.2d 480, 482 (4th Cir. 1973); Wright & Miller, Federal Practice and Procedure: Civil, § 2023 (1970). As such, the rule provides that discovery by one party of trial preparation documents of the other may be obtained "only upon a showing that the party seeking discovery has substantial

need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Plaintiffs' allegations here are not consistent with any such showing.

Fed. R. Civ. P. 26(b)(4)(A) with respect to experts who are expected to testify is similar to this court's Rule 71(b)(2). It permits interrogatories to obtain the names of expert witnesses, the subject matter of the testimony of each, the substance of the facts and opinion to which the expert is expected to testify and a summary of the grounds for each opinion. If the court orders further discovery by other means, it may be subjec to restrictions as to scope and to provisions for fees and expenses. Certainly there is nothing in this rule that gives to a party gratis the right to roam through the reseach materials obtained by the other side from public sources through the diligence of its retained expert, in order to complete its own case. Indeed, the Advisory Committee note accompanying the draft of that rule states that while discovery of expert witnesses may be needed to prepare for effective cross-examination and rebuttal, a party "can hardly hope to build his case out of his opponent's experts," and that if a court allows discovery in addition to the interrogatories the court retains "ample power to regulate its timing and scope and to prevent abuse." (48 F.R.D 504 (1970).)

Fed. R. Civ. P. 26(b)(4)(B) allows discovery of facts known by a non-medical expert who has been employed by another party

in preparation for trial and who is not expected to be called as a witness at trial "only * * * upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means," and then only upon payment of a fair portion of the fees and expenses reasonably incurred by the other party in obtaining such facts or opinions by the expert. Thus far this rule has not been adopted by this court; but even assuming that by analogy its substance may be applied in a particular case, nothing in the circumstances alleged by plaintiffs bring them within its scope.

Accordingly,

IT IS ORDERED that plaintiffs' motion for order that defendant produce documents be denied.

Philip R. Miller
Trial Judge