**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| LAVETTA ELK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT STATUS REPORT**

Plaintiff Lavetta Elk, and Defendant United States of America, (collectively referred to herein as the "Parties"), by and through their respective counsel, hereby submit this Joint Status Report. Pursuant to the Court's Order of August 13, 2007, the Parties are to indicate the manner in which the case should proceed.

As noted by Plaintiff's counsel during the during the hearing of August 9, 2007, Plaintiff intends to file a Motion for Summary Judgment as to liability based on sworn admissions of Sergeant Kopf and the strict liability language of the "Bad Men" Clause of the Treaty with the Sioux of April 29, 1868.[1]

During the hearing of August 9, 2007, the Court requested that Defendant consider if the filing of a summary judgment motion was necessary or if the issues involved could be handled by filing motions in limine. Defendant has determined that it can adequately address these issues through motions in limine; however, given the fact that the schedule will accommodate dispositive motions based on Plaintiff's intended filing discussed above, Defendant intends to

[1/] Defendant does not concede liability in this case; however, Defendant will not contest the findings arising from the Article 15, Uniform Code of Military Justice, (10 U.S.C. § 815) nonjudicial punishment proceedings related to Sergeant Kopf's misconduct.

file a Motion for Summary Judgment as well. Defendant will demonstrate that Plaintiff cannot meet her burden of establishing that she is entitled to compensation stemming from allegedly stress-related miscarriages. Further, Defendant intends to show that the Bad Men clause of the Treaty with the Sioux of April 29, 1868 (15 Stat. 635) does not encompass the harm Plaintiff alleges in this case, nor can Plaintiff demonstrate that she incurred any costs arising from the alleged harm.

Following the hearing of August 9, 2007, the Parties met and conferred regarding settlement. The Parties have not reached a settlement in this matter, and believe that engaging in additional settlement discussions will not be fruitful.

Accordingly, the Parties jointly propose the following briefing schedule for summary judgment motions:

| | |
|---|---|
| Filing of all Dispositive Motions | October 22, 2007 |
| Filing of all Responses in Opposition | November 26, 2007 |
| Filing of all Replies in Support | December 10, 2007 |

Additionally, the Parties propose the following alternative schedules in accordance with Appendix A to the CFC Rules, §VI.

Plaintiff's Proposed Schedule:

| | |
|---|---|
| Meeting of Counsel | January 11, 2008 |
| Plaintiff's Memorandum of Contentions of Fact and Law | January 25, 2008 |
| Defendant's Memorandum of Contentions of Fact and Law | February 22, 2008 |
| Each Party to File Witness List and Exhibit List | March 4, 2008 |
| Final Pretrial Conference | March 14, 2008 |

Defendant's Proposed Schedule:

| | |
|---|---|
| Meeting of Counsel | March 10, 2008 |
| Plaintiff's Memorandum of Contentions of Fact and Law | March 24, 2008 |
| Defendant's Memorandum of Contentions of Fact and Law | April 21, 2008 |
| Each Party to File Witness List and Exhibit List | May 2, 2008 |
| Final Pretrial Conference | May 12, 2008 |

Counsel for Plaintiff consents to the filing of this Joint Status Report by counsel for Defendant.

Dated this 7th of September, 2007.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

s// Steven D. Bryant
Steven D. Bryant
Sara E. Culley
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0424 (phone)
(202) 305-0267 (fax)
steven.bryant@usdoj.gov

Counsel of record for Defendant