**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAVETTA ELK,** | ) | Case No. 05-186L |
| | ) | Judge Francis M. Allegra |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Lavetta Elk is a Native American female. As a member of the Oglala Sioux Tribe, Lavetta Elk is a beneficiary of the Treaty with the Sioux of April 29, 1868 (15 Stats. 635, ratified Feb. 16, 1869, proclaimed February 29, 1869) (the "Treaty"). Article 1 of the Treaty provides, in relevant part, as follows:

> If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indian, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also reimburse the injured person for the loss sustained.

Lavetta Elk resides on the Pine Ridge Indian Reservation in Wounded Knee**,** South Dakota. At all times material hereto, Staff Sergeant Joseph P. Kopf ("Sergeant Kopf") was employed as a Staff Sergeant within the United States Army Recruiting Command. Sergeant Kopf was stationed at the U.S. Army Recruiting Station in Rapid City, South Dakota.

In 2002, Lavetta Elk was recruited to join the United States Army by Sergeant Kopf. On the morning of January 7, 2003, Sergeant Kopf visited Lavetta Elk's home as part of the recruitment and enrollment process. Sergeant Kopf told Lavetta Elk and her father, Emerson Elk, that Lavetta Elk needed to travel with Kopf to Sioux Falls to re-submit a height/weight evaluation. Kopf claimed that

the original evaluation had been lost. Lavetta Elk thereupon entered Sergeant's Kopf's government vehicle and drove away with him. Kopf drove with Lavetta Elk to an isolated area, assuring her that he needed to meet with a recruit who lived in that area. Kopf turned on an off-road dirt trail and drove to a secluded area behind a big hill. Kopf then stopped the car, and began to aggressively sexually assault Lavetta Elk. Lavetta Elk resisted these initial advances and attempted to push Sergeant Kopf away, to no avail. She tried to escape from the car, but Sergeant Kopf locked the doors. Sergeant Kopf asked Lavetta Elk, "do you think if someone hid a body out here anyone would find it?" Sergeant Kopf further intimidated Lavetta Elk by telling her that he could make someone disappear if he wanted to do so. Lavetta Elk began to cry uncontrollably and became frozen with fear. Sergeant Kopf attacked, brutalized and sexually assaulted Lavetta Elk, kissing and fondling her breasts, legs, hands and vaginal area. Kopf unbuttoned Lavetta Elk's pants and tried to put his hand down her pants. While doing so, Kopf pinned Lavetta Elk's arm behind her head with his other hand.

On the day of her assault, Lavetta Elk made a report to the Bureau of Indian Affairs police, the Oglala Nation tribal police, and the recruiting station where Sergeant Kopf worked. After initially denying that he did anything wrong, Sergeant Kopf subsequently admitted under oath to having inappropriate sexual contact with Lavetta Elk.

Staff Sergeant Joseph P. Kopf was at all material times an agent of the United States and acting under its authority. See Garreauk v. U.S., 7 Fed. Cl. 276 (July 2007). A sexual assault perpetrated on a Native American beneficiary of the Treaty is a "wrong" within the definition of the Treaty. See e.g., Tsosie v. United States, 825 F.2d 393 (Fed. Cir. 1987) ("Tsosie II"); Begay v. United States, 219 Ct. Cl. 599 (1979) ("Begay I"). Additionally, by committing such a malicious act

while an agent of the United States and acting under its authority, Sergeant Kopf is a "bad man" within the definition of the Treaty. Id.; Hebah v. United States, 192 Ct.Cl. 785, 428 F.2d 1334 (1970).

As a direct and proximate result of the foregoing incidents, Lavetta Elk has suffered and continues to suffer from severe anxiety, depression, shame, humiliation, the inability to lead a normal life, and physical, psychological and emotional trauma. Lavetta Elk's injuries are persistent, permanent and debilitating in nature. Lavetta Elk makes this claim for damages, costs, and attorney's fees against the United States pursuant to the "bad men" clause of Article 1 of the Treaty in light of the wrongful acts described herein that were committed by Staff Sergeant Joseph P. Kopf. See e.g., Hebah v. United States, 192 Ct.Cl. 785, 428 F.2d 1334 (1970).

Prior to the filing of this lawsuit, Plaintiff sent a Notice of Claim for damages in writing to the United States Department of the Interior, which was then forwarded on April 21, 2004 to the Field Solicitor, Northeast Region, Twin Cities. Approximately ten months after submitting the Notice of Claim, the Plaintiff still had not received an agency decision from Department of Interior. Thus, the Plaintiff filed this lawsuit. This Court previously held that Plaintiff did not need to wait any further for an agency decision before filing suit. See Lavetta Elk v. United States, 70 Fed. Cl. 405 (2006).

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard
Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

By: /s/ Adam D. Horowitz .
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 25, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Steven D. Bryant, Esq.
Steven.bryant@usdoj.gov

/s/Adam D. Horowitz