**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

(E-Filed February 22, 2008)

| | | |
|---|---|---|
| LAVETTA ELK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-186L |
| v. | ) | Judge Francis M. Allegra |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE CERTAIN FACT WITNESSES**

Defendant, United States of America, hereby moves pursuant to this Court's October 25, 2007 Pretrial Scheduling Order and Rule 16 of the Rules of the United States Court of Federal Claims ("RCFC") to (1) preclude plaintiff from calling excessive and redundant fact witnesses; and (2) exclude the unnamed "physicians and health care providers" on plaintiff's witness list that plaintiff failed to designate in accordance with RCFC, Appendix A VI ¶ 13(b) from testifying at the upcoming trial in this matter.

First, as discussed below, plaintiff's witness list identifies eight potential fact witnesses that are plaintiff's family members or reside with a family member and are expected to offer cumulative and redundant testimony.[1] Plaintiff listed an additional four duplicative witnesses that plaintiff claims are "aware of [the] extent and scope of [plaintiff's] damages." Plaintiff should be required to significantly narrow their witness list so as to avoid the presentation of cumulative and redundant testimony.

---

[1] These witnesses include Jackie Randall (cousin), Shane Montgomery (Jackie Randall's live-in boyfriend at the time of the incident), Carol Ann Black Elk Weston (aunt), Noritta High Hawk (aunt), Jerilyn Elk (parent), Emerson Elk (parent), Lloyd Elk (brother), Daverine Elk (sister).

Second, the unnamed "physicians and other health care providers" on plaintiff's witness list should be excluded from testifying as plaintiff has utterly failed to meet the requirements under RCFC, Appendix A VI ¶ 13(b) for specifically identifying their proposed witnesses.

**I. STANDARD OF REVIEW**

A motion in limine is a recognized method for issuing early rulings on trial matters. Baskett v. United States, 2 Cl.Ct. 356, 359 (1983) (citations omitted). This Court has the power to issue motions in limine under RCFC16. As stated in Baskett:

> There is no question under [Rule] 16, that this court, as a trial court, has the power to issue pretrial orders simplifying issues for trial. Not only does this court have such power, it has a duty to exercise it in appropriate cases. This power allows the court, inter alia, to define the issues, facts, and theories actually in contention and to weed out extraneous issues. Too, this court also has the authority to issue pretrial rulings concerning the admissibility at trial of proposed testimony and documentary evidence.

2 Cl.Ct. at 359-60 (citing 6 C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE 1525 (1971)); see also INSLAW, Inc. v. United States, 35 Fed. Cl. 295, 302-03 (1996) ("The basic purpose of a motion in limine is to prevent a party before trial from encumbering the record with irrelevant, immaterial or cumulative matters.").

Furthermore, motions in limine promote "trial efficiency and promot[e] improved accuracy of evidentiary determinations by virtue of the more thorough briefing and argument of the issues that are possible prior to the crush of trial." Intern'l Graphics, Div. of Moore Bus. Forms, Inc. v. United States, 5 Cl. Ct. 100, 104 (1984) (quoting Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 505 F. Supp. 1125, 1140-41 (E.D. Pa. 1980)).

## II. DISCUSSION

### A. FRE 403 requires that plaintiff's redundant witnesses be excluded from the upcoming trial

Plaintiff has identified a host of individuals on its witness list under the "May Call" designation that are unnecessary, redundant, and excessive. Under FRE 403, evidence that is otherwise relevant "may be excluded . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. These 11 proposed witnesses include family members, a boyfriend of a family member, two employees of Cangleska[2], and a medicine man. Plaintiff did not describe the topics of the (potential) expected testimony for seven of these witnesses. The description of the testimony for the remaining four witnesses is identical: "[witness is] aware of extent and scope of Lavetta Elk's damages."

None of these witnesses was present during the assault. Consequently, defendant anticipates that their testimony will concern their observations of plaintiff before and after the assault.[3] Even assuming this information is relevant, each witness's testimony will certainly be redundant with one another and plaintiff's own testimony. The repetitive and cumulative testimony of these witnesses will waste the parties' time and resources and hinder judicial economy. Therefore, plaintiffs should be precluded from calling these redundant witnesses at trial.

---

[2] Cangleska is alleged to offer a support group for women.

[3] Five of these witnesses were deposed, and their testimony was largely cumulative concerning their observations of plaintiff. In an effort to streamline the presentation of evidence and avoid wasting the Court's time, defendant has advised plaintiff that it would not oppose admitting the deposition transcripts into evidence. Plaintiff, however, has rejected submitting the deposition testimony in lieu of live testimony.

**B. Plaintiff's unnamed witnesses must be excluded from trial**

RCFC, Appendix A VI ¶ 13(b) requires witnesses to be identified by name, address, and telephone number. Additionally, the "[f]ailure of a party to list a witness shall result in the exclusion of the witness's testimony at trial absent agreement of the parties to the contrary or a showing of compelling reason for the failure." *Id.*

Plaintiff's witness list includes an unspecified number of unnamed "physicians and other health care providers who treated [plaintiff] for her injuries." This general description of physicians and health care providers plainly fails to meet the minimal requirements for identifying a witness under the rules. Additionally, plaintiff has provided no compelling reason why she has failed to identify these potential witnesses. Consequently, Appendix A ¶ 13(b) mandates the exclusion of these witnesses from trial.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests the Court exclude plaintiff's duplicative and redundant witnesses, as well as the unnamed physicians and healthcare providers from testifying at trial.

Dated: February 22, 2008

Respectfully Submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ Steven D. Bryant____________________
STEVEN D. BRYANT
SARA E. COSTELLO
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, DC 20044-0663
Email: steven.bryant@usdoj.gov
Voice: (202) 305-0424
Fax: (202) 305-0267

Of Counsel:

Major Lanny Acosta
U.S. Army Litigation Division
901 N. Stuart Street
4th Floor
Arlington, VA 22202

Sharon Pudwill
Department of Interior
Office of the Field Solicitor
Bishop Henry Whipple Federal Bldg.
1 Federal Drive, Room 686
Twin Cities, MN 55111