**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **LAVETTA ELK,** Plaintiff, v. **THE UNITED STATES,** Defendant. | ) | Case No. 05-186L<br>Judge Francis M. Allegra |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE TO EXCLUDE CERTAIN FACT WITNESSES**

Plaintiff, Lavetta Elk, submits this Memorandum in Opposition to Motion in Limine to Exclude Certain Fact Witnesses, as follows:

Defendant's Motion asserts that a number of witnesses listed by Plaintiff, who are family members, will offer cumulative and redundant testimony, and should be excluded. Initially, a pre-trial motion in limine is not the proper means for addressing potentially cumulative or duplicative evidence. "A motion *in limine* is a preliminary motion that serves a gatekeeping function and permits the trial judge to eliminate form further consideration evidentiary submissions that clearly would be inadmissible for any purpose." PR Contractors, Inc. v. United States, 69 Fed.Cl. 468, 469 (2006). "However, the court should be mindful that some proposed evidentiary submissions cannot be accurately evaluated in a pre-trial context via a motion in limine." Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001). "[G]enerally, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice maybe resolved in the proper context." Id. (citations omitted); accord PR Contractors, 69 Fed.Cl. at 469-470 ("'some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a [pre-trial] procedural environment'") (quoting Jonasson v. Lutheran Child & Family Servs, 115 F.3d 436, 440

(7th Cir. 1997)).

Defendant asks this Court in a vacuum to exclude certain fact witnesses before the trial. Presumably, the Defendant is seeking this relief under Fed.R.Evid. 403, pursuant to which relevant evidence may be excluded if its probative value is substantially outweighed by considerations of, for example, delay, waste of time and needless presentation of cumulative evidence. Defendant, however, fails to set forth a sufficient basis to exclude fact witnesses before trial under Rule 403. This court will be in a much better position at trial to evaluate whether particular testimony is cumulative and unnecessary. In Columbia First Bank, FSB v. United States, 58 Fed. Cl. 333 (2003) the Court denied a motion in limine to exclude testimony of a party's experts as unnecessary and cumulative, noting that this testimony is “not so evidently redundant”, and not “exact duplicates”, such as to warrant exclusion via a motion in limine. Rather, the Court, in denying the motion in limine, noted that “[t]he parties may object at trial to testimony which is in fact a “‘needless presentation of cumulative evidence.’” Id. at 341 (quoting Fed.R.Evid. 403).

The Court should be particularly circumspect in striking the Plaintiff’s family witnesses, as apparently the only issue at trial will be Plaintiff’s damages and the witnesses at issue will testify regarding particular aspects or elements of Plaintiffs’ damages. Moreover, Plaintiff anticipates that the testimony of each of the witnesses at issue will be quick, with each taking no more than 10 or 20 minute. These witnesses, therefore, will not cause the trial to get bogged down with cumulative testimony. Finally, many of these witnesses are on the “may call” list. Plaintiff's counsel has no intention of presenting repetitive, redundant testimony at trial. In the event that cumulative testimony does become a concern at trial, it can be appropriately addressed at that time; it would be premature to address it in a motion in limine.

The following chart demonstrates the different perspectives and knowledge of each of the witnesses at issue:[1]

| Witness | Relation to Plaintiff | Expected Testimony |
|---|---|---|
| Emerson Elk | Father (resides with Plaintiff) | **Plaintiff's Psychological History Before the Assault:** Witness expected to testify that Plaintiff had no material pre-existing health or psychological problems; she was ambitious, goal oriented, with a positive outlook. Witness is expected to testify that the Elk family has a history of distinguished military service, and Plaintiff wanted to continue that history.<br><br>**Observation of Plaintiff's Post-Assault Symptoms:** Witness will testify that Plaintiff has withdrawn socially; exhibits low self-esteem; exhibits fear; is frightened of men in uniform |
| Jerilyn Elk | Mother (resides with Plaintiff) | **Observations of Plaintiff's History Before Assault:** Witness expected to testify regarding Plaintiff's pre-assault academic accomplishments and career ambitions.<br><br>**Knowledge of facts on day of assault:** Was present when Sgt. Kopf picked up Plaintiff on day of assault<br><br>**Observation of Plaintiff's Post-Assault Symptoms:** Witness expected to testify to Plaintiff being sleepless at night, lethargic during day (consistent with depression) |
| Noritta High Hawk | Aunt | **Plaintiff's Mental State Immediately After Assault:** Witness was the first person Plaintiff called after she was assaulted and dropped off by Sgt. Kopf. |
| Jackie Randall | Cousin (first person, other than Sgt. Kopf, that saw | **Plaintiff's Mental State Immediately After Assault**: Witness expected to testify that |

1 Additional information regarding the testimony of these witnesses is set forth in Plaintiff's Amended Witness List.

| | | |
|---|---|---|
| | Plaintiff after the sexual assault) | Plaintiff exhibited great distress and trauma; she was crying, sobbing, gasping for breath. |
| Carol Weston | Aunt (went with Plaintiff immediately after assault to file statement with law enforcement) | **Plaintiff's Mental State Immediately After Assault:** Witness expected to testify that Plaintiff was visibly shaken, upset and crying, to the point that the witness was frightened. |
| Lloyd Elk | Brother | **Plaintiff's Overall Mental State Before and After the Assault:** Plaintiff at all relevant times has had a very close relationship with this witness; he is aware of relevant events in Plaintiff's life and how they have affected Plaintiff. |
| Daverine Elk | Sister | **Plaintiff's Psychological Condition Before Assault:** Plaintiff's ambitions regarding college and the military, her positive disposition<br><br>**Plaintiff's Psychological Condition After the Assault:** This witness has observed Plaintiff's fear and insecurities.<br><br>**Knowledge of Events After Assault:** This witness was present when Plaintiff gave statement to police shortly after the assault. |
| Shane Montgomery | Boyfriend of Jackie Randall | **Plaintiff's Mental State Immediately After Assault:** This witness observed the Plaintiff's distraught, traumatized state when Plaintiff was dropped off at his house after the assault. |

Based on the foregoing, Plaintiff respectfully requests that Defendant's Motion in Limine to Exclude Plaintiff's Fact Witnesses be denied.

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard
Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200

Facsimile: (305) 931-0877
www.hermanlaw.com

By: /s/ Jeffrey M. Herman .
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Steven D. Bryant, Esq.
Steven.bryant@usdoj.gov

/s/ Jeffrey M. Herman