IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **LAVETTA ELK,** | ) | Case No. 05-186L |
| | ) | Judge Francis M. Allegra |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **THE UNITED STATES,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO MOTION IN LIMINE**

Plaintiff, Lavetta Elk, by and through her undersigned counsel, submits this Memorandum in Response to Defendant's Motion in Limine, as follows:

## I. INTRODUCTION

Defendant seeks by Motion in Limine to exclude evidence of (i) Plaintiff's miscarriages, which occurred after the sexual assault by Army Sergeant Joseph P. Kopf; and (ii) costs incurred by Plaintiff arising from the sexual assault. Plaintiff agrees that evidence of the Plaintiff's miscarriages should be excluded at trial for all purposes. As to the issue of pecuniary costs, Plaintiff has not included in her Exhibit List any documents showing costs incurred, and Plaintiff has not previously testified to incurring out-of-pocket costs as a result of the sexual assault. There is thus no reason or basis for an order in limine excluding nonexistent documents or testimony. To the extent, however, that Defendant seeks to exclude evidence of future costs arising from the sexual assault, the Motion is premature and insufficient. The Court will be in a better position to evaluate such evidence at trial.

## II. ARGUMENT

### A. Plaintiff Agrees that Evidence of Her Miscarriages Should Not Be Admitted for Any Purpose

Plaintiff has had multiple miscarriages since the date of the sexual assault alleged in the Complaint. The Defendant argues in its Motion in Limine that Plaintiff is not entitled to compensation in this case for her miscarriages, and that evidence should be excluded in support of such a claim. Plaintiff, however, does not seek to introduce evidence of her miscarriages.[1] She has not retained a medical expert to present testimony at trial on a causal link between the sexual assault and her miscarriages. Indeed, Plaintiff concurs that no evidence of her miscarriages should be allowed at trial. "A motion *in limine* is a preliminary motion that serves a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly would be inadmissible for any purpose." PR Contractors, Inc. v. United States, 69 Fed. Cl. 468, 469 (2006); accord Tzoumis v. Tempel Steel Co., 168 S. Supp. 2d 871, 873 (N.D. Ill. 2001) ("[o]nly evidence that is clearly inadmissible *for any purpose* should be excluded pursuant to a motion in limine") (emphasis supplied).

Accordingly, pursuant to the Defendant's Motion in Limine, evidence of the Plaintiff's miscarriages should be excluded for any purpose. To the extent that Plaintiff is precluded from seeking the admission of testimony or documents in support of a claim for damages arising from the miscarriages, Defendant must likewise be precluded from seeking the admission of testimony or documents on the Plaintiff's miscarriages for its own purposes, such as, for example, to contest

1 When counsel for the parties conferred in accordance with RCFC App. A ¶13(c), Defendant's counsel did not mention its objection to miscarriage evidence. If Defendant's counsel had expressed his intent to file a motion in limine on miscarriage evidence, perhaps this motion practice could have been avoided.

Plaintiff's claim to damages. Plaintiff has been diagnosed with post-traumatic stress disorder caused by Sergeant Kopf's assault.[2] Any suggestion that her claim to damages may be affected by the miscarriages would be speculative. Under Fed.R.Evid. 403, relevant evidence may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice and confusion of issues. Thus, whether Plaintiff or Defendant attempts to admit evidence of Plaintiff's miscarriages, any probative value to this evidence would be substantially outweighed by the danger of unfair prejudice and confusion of the issues, and it should therefore be excluded under Fed.R.Evid. 403. Pacific Gas & Elec. Co. v. United States, 73 Fed.Cl. 333, 442 (2006).

**B. There is No Basis to Exclude Evidence of Future Costs**

Defendant's Motion in Limine seeks to exclude any evidence of pecuniary costs as an element of damages. Defendant is correct that there is no testimony nor documents demonstrating that Plaintiff has in the past incurred out-of-pocket pecuniary costs arising from the sexual assault.[3] To the extent that Defendant's Motion seeks to exclude evidence that does not exist, it is pointless and unnecessary. See PR Contractors, 69 Fed. Cl. at 469 (noting that the gatekeeping function of a motion in limine is to eliminate further consideration of *evidentiary submissions).*

Defendant's Motion is unclear as to whether Defendant seeks also to exclude evidence of *future* pecuniary costs arising from the sexual assault. If the Defendant seeks to preclude a claim to future costs, its Motion in Limine is insufficient. Although the Plaintiff has, since the assault been living on the Pine Ridge Reservation where she has had access to free health care services, that may

---

[2] Dr. Stephen P. Manlove will testify at trial regarding the Plaintiff's psychological injuries.

3 Plaintiff has obtained psychological care through Indian Health Services, and thus has not to date incurred pecuniary costs.

not be the case in the future. The record shows that Plaintiff has sought out therapy and been on medications as a result of the sexual assault.[4] She has a diagnosed psychiatric condition (PTSD).[5] While a motion in limine may, in the proper circumstances, be an effective tool to limit and focus an upcoming trial, "some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment." PR Contractors, 69 Fed. Cl. at 469 (citation omitted). See also Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 873 (N.D. Ill. 2001) ("generally, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in the proper context") (citation omitted).

Here, the Defendant's Motion in Limine does not set forth a sufficient basis to exclude evidence on pecuniary costs as an element of damages, particularly evidence of future costs. The Motion should accordingly be denied.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court enter an Order (i) excluding evidence of Plaintiff's miscarriages by either party for all purposes; and (ii) denying the motion in limine as to costs arising from the sexual assault.

Respectfully submitted,

HERMAN & MERMELSTEIN, P.A.

---

4 See Forensic Psychiatric Evaluation of Stephen P. Manlove, M.D., attached hereto as Exhibit "A", pp. 4-5.

5 Manlove Report, pp. 9-10.

Attorneys for Plaintiff
18205 Biscayne Boulevard
Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

By: /s/ Jeffrey M. Herman .
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Steven D. Bryant, Esq.
Steven.bryant@usdoj.gov

/s/Jeffrey M. Herman