**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

LAVETTA ELK,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

05-186L
Judge Francis M. Allegra

**JOINT STIPULATION OF UNDISPUTED FACTS**

Plaintiff Lavetta Elk, and Defendant United States of America, (collectively referred to herein as the "Parties"), by and through their respective counsel, hereby submit the following Joint Stipulation of Undisputed Facts:

1. Plaintiff, Lavetta Elk, was born on December 8, 1983 and is a Native American and a member of the Oglala Sioux Tribe. She resides on the Pine Ridge Indian Reservation in Wounded Knee, South Dakota.
2. Lavetta Elk graduated from Red Cloud High School in 2002.
3. Lavetta Elk was interested in joining the United States Army; several members of Lavetta Elk's family served in the military.
4. During her junior year (fall 2000−spring 2001) Lavetta Elk requested information about the Army.
5. Sergeant Joseph Kopf, an Army recruiter, from the local recruiting station in Rapid City, South Dakota came to Lavetta Elk's high school and provided her with information regarding the Army.
6. Sergeant Kopf and Lavetta Elk spoke on various occasions throughout her junior and

senior years. They spoke at the recruiting station on a few occasions, at the high school on a several occasions, and at plaintiff's house on occasion in her junior year and about two times per month during her senior year. Sergeant Kopf and Lavetta Elk regularly spoke on the phone.

7. Sergeant Kopf and Lavetta Elk became friends and talked about personal issues, in addition to discussions of military service.
8. Lavetta Elk attended Rockhurst University in Kansas City, Missouri on a full-tuition scholarship from August 2002 through a portion of September 2002.
9. Lavetta Elk and Sergeant Kopf talked on the phone and corresponded by email while she attended Rockhurst University.
10. Lavetta Elk's grandfather died in September 2002, and she informed Sergeant Kopf.
11. Lavetta Elk returned home from school to grieve with her family. Lavetta Elk attended her grandfather's funeral and wake. The Sergeant called everyday that week to see how Lavetta Elk was doing.
12. Lavetta Elk talked with Sergeant Kopf about pursuing a career in the Army, and he provided her the application in fall 2002**.**
13. A friend of Lavetta Elk's committed suicide in November 2002.
14. On December 17, 2002, the Sergeant drove Lavetta Elk, approximately six hours to Sioux Falls, South Dakota for a physical examination at the Military Entrance Processing Station (MEPS).
15. Lavetta Elk did not satisfy the Army's height weight regulatory requirements, or alternative percentage body fat standards during the MEPS physical examination on

December 17, 2002. Elk could correct the condition if she lost sufficient weight and/or body fat to meet the Army's regulatory standards.

16. On January 7, 2003, Sergeant Kopf drove to Lavetta Elk's home in a government vehicle, and she departed with him. Sergeant Kopf drove on a dirt road to a remote part of the reservation and parked behind a hill.

17. Sergeant Kopf indecently assaulted Lavetta Elk by kissing her and touching her breasts against her will.

18. At plaintiff's request, Sergeant Kopf stopped at a convenience store, Common Cents. Lavetta Elk entered the bathroom at the convenience store. After leaving the restroom, Lavetta Elk returned with Sergeant Kopf to his car.

19. The Sergeant drove plaintiff to her cousin's house, approximately 10 minutes away, and dropped her off.

20. After arriving at her cousin's house, Lavetta Elk reported the assault to her cousin, and then, among others, to Special Agent Robert A. Bennett of the Bureau of Indian Affairs police.

21. On August 8, 2003, in nonjudicial criminal proceedings, conducted pursuant to Art. 15, Uniform Code of Military Justice ("UCMJ") (10 U.S.C. § 815), it was found beyond a reasonable doubt that the Sergeant indecently assaulted Lavetta Elk on January 7, 2003, in violation of Art. 134, UCMJ (10 U.S.C. § 934), by kissing Lavetta Elk and touching her breasts against her will with intent to gratify his sexual desires. This action is in violation of Article 134, UCMJ.

22. Sergeant Kopf was punished with a reduction in rank from Staff Sergeant to Sergeant and

loss of military pay.

23. Sergeant Kopf was removed from recruiting duties.

24. On January 7, 2003, Joseph Kopf knowingly made a false statement to CPT Fernelius, with intent to deceive, when Kopf stated that he did not touch Lavetta Elk. This action was in violation of Article 107, UCMJ.

25. On January 29, 2003, Joseph Kopf knowingly made a false statement to CPT Fernelius, with intent to deceive, when Kopf stated that he did not kiss, attempt to kiss or touch Ms. Elk. This action was a violation of Article 107, UCMJ.

26. On June 3, 2003, Joseph Kopf made a false statement to Special Agent Tello, with intent to deceive, when Kopf stated that he did not have any physical contact of a sexual nature with Lavetta Elk. This action was in violation of Article 107, UCMJ.

27. Plaintiff expended no funds on medication, treatment, or psychological counseling related to the assault.

Counsel for Plaintiff consents to the filing of this Joint Stipulation of Undisputed Facts by counsel for Defendant.

Dated this __21st__ day of April, 2008. Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

s/ Steven D. Bryant______
Steven D. Bryant
Sara E. Costello

Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0424 (phone)
(202) 305-0506 (fax)
steven.bryant@usdoj.gov

Counsel of Record for Defendant

HERMAN & MERMELSTEIN, P.A.
Attorneys for Plaintiff
18205 Biscayne Boulevard, Suite 2218
Miami, Florida 33160
Telephone (305) 931-2200
Facsimile: (305) 931-0877
www.hermanlaw.com

By: s/ Adam D. Horowitz
ADAM D. HOROWITZ, ESQ.
ahorowitz@hermanlaw.com
JEFFREY M. HERMAN, ESQ.
jherman@hermanlaw.com
STUART S. MERMELSTEIN, ESQ.
ssm@hermanlaw.com

Counsel of Record for Plaintiff