**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| LAVETTA ELK | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-186L |
| | ) | Judge Francis M. Allegra |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO CALL WITNESS FOR IMPEACHMENT PURPOSES**

Defendant, the United States of America, hereby moves to call Sergeant First Class Billy Hallmark exclusively for impeachment.

Appendix A(15) of the Rules of the United States Court of Federal Claims ("RCFC") provides, in relevant part:

> Each party shall file, together with the Memorandum of Contentions of Fact and Law, a separate statement setting forth a list of witnesses to be called at trial for case-in-chief or rebuttal purposes, except those to be used exclusively for impeachment.

(emphasis added).[1/]

---

[1/] Appendix A(13) also provides, in relevant part, that the parties must:

> Exchange a list of names, addresses, and telephone numbers of witnesses, including expert witnesses, who may be called at trial for case-in-chief or rebuttal purposes, except those except those to be used exclusively for impeachment.

(emphasis added).

Defendant seeks to introduce the testimony of Sergeant First Class Billy Hallmark solely to impeach Plaintiff Lavetta Elk's ("Plaintiff") testimony that she was not notified of her disqualification from the United States Army ("Army"), because of her failure to satisfy the Army's height, weight regulatory requirements, or alternative percentage body fat standards during her Military Entrance Processing Examination Station ("MEPS") physical examination. As the Noncommissioned Officer in Charge, Sergeant First Class Billy Hallmark is familiar with all aspects of the MEPS.

The Court requested that Defendant provide an analysis of whether it was possible to anticipate that this witness would be necessary for impeachment. Defendant is not asserting that it was impossible to anticipate that an impeachment witness would be necessary, given that Plaintiff testified in her deposition that Sergeant Kopf gave her a t-shirt and said congratulations to her, while at the MEPS. Nevertheless, Sergeant First Class Billy Hallmark is being offered, exclusively for impeachment purposes, in response to Plaintiff's testimony that she was not notified of being disqualified of her failure to satisfy the Army's height, weight regulatory requirements, or alternative percentage body fat standards. Defendant further notes that the parties jointly agreed that Plaintiff's MEPS Physical Examination documents should be admitted into evidence. *See* JX 3. This exhibit contains Plaintiff's signature in the box which requires applicants to signify that they were informed of the reasons why they were disqualified from the Army. Further, the parties stipulated to the fact that Plaintiff did not satisfy the Army's height, weight regulatory requirements, or alternative percentage body fat standards during her MEPS physical examination. *See* Joint Stipulation of Undisputed Facts, 15. Based on the aforementioned, Defendant moves to call Sergeant First Class Billy Hallmark exclusively for

impeachment.

Dated this 30th day of April, 2008.

RONALD J. TENPAS
Assistant Attorney General

STEVEN D. BRYANT
SARA E. COSTELLO
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0424
Fax: (202) 305-0506

Attorneys of Record for Defendants

Of Counsel:

Major Lanny Acosta
U.S. Army Litigation Division
901 N. Stuart Street
4th Floor
Arlington, VA 22202

Sharon Pudwill
Department of the Interior
Bishop Henry Whipple Federal Building
1 Federal Drive, Rm 686
Twin Cities, MN 55111