# DEFENDANT'S EXHIBIT 2

LEXSEE 2007 MEALEY'S JURY VERDICTS & SETTLEMENTS 2841

Copyright 2007 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

*2007 Mealey's Jury Verdicts & Settlements 2841*

**HEADLINE:** United States Settles Claims With Potential Marine Recruits For $200,000

**Case Name:** Jane Doe, et al. v. United States of America, et al.

**Case Number:** 06-1777-MHP

**Court:** N.D. Calif., San Francisco Div.

**Judge:** Marilyn H. Patel

**Verdict/Settlement (breakdown):** $200,000 settlement

**Plaintiff(s):** Jane Doe, Mary Roe

**Defendant(s):** United States of America; General Michael W. Hagee, commandant of the U.S. Marine Corps; Donald C. Winter, secretary of the Navy; the U.S. Navy

**Date:** May 30, 2007

**Claim:** Violation of the Fifth Amendment of the Constitution

**Defense:** Liability denied.

**Background:** Jane Doe and Mary Roe were high school students interested in becoming part of the U.S. Marine Corps. They were potential recruits into the Marine Corps and were participating in Marine Corps recruitment activities.In late fall 2004, Doe met with Staff Sgt. Joseph Dunzweiler in the U.S. Marine Corps recruiting office in Ukiah, Calif. Doe alleged that after their first meeting, Dunzweiler began to pursue a sexual relationship with her, and in January 2005, coerced and pressured Doe to have sex with him in the back room of the recruiting office, ultimately raping Doe.Doe, who had never had sexual intercourse before the January 2005 encounter, claimed that this happened again in February 2005, and shortly thereafter it was discovered that she had contracted Chlamydia.Doe alleged that on Feb. 18, 2005, she, another friend and Mary Roe, went to the recruiting office for a recruiting function that was to take place the following day. Doe claimed that Dunzweiler said she could not become a Marine if she did not participate in the office "sleepover."Doe claimed that, again, Dunzweiler insisted that she sleep with him. Roe claimed that she was highly intoxicated upon her arrival to the recruiting office, and was vomiting on herself. Sources told Mealey Publications that Sgt. Brian Fukushima got into Roe's sleeping bag, undressed himself and raped her. Doe and Roe alleged that Dunzweiler and Fukushima abused their power and that the United States failed to properly train and supervise the recruitment officers.Doe and Roe each filed a government tort claim alleging the same facts on Dec. 9, 2005, which were denied June 8, 2006.Doe and Roe sued the United States of America; Gen. Michael W. Hagee, commandant of the U.S. Marine Corps; Donald C. Winter, secretary of the Navy; the U.S. Navy; Fukushima and Dunzweiler in the U.S. District Court for the Northern District of California on March 8, 2006.Doe and Roe amended their complaint several times, filing their third amended complaint for injunctive relief and damages on Feb. 7, 2007.

**Other:** The parties reached a settlement on May 30, 2007, and agreed to pay the plaintiffs $200,000. The defendants further agreed to provide the plaintiffs with access to a female recruiter, if they desire one.Additionally, all San Francisco recruiting locations will post a notice that states if any person feels that he or she has been the victim of sexual harassment or unwanted sexual advances, they should contact the local uniformed Victim's Advocate, whose contact information will be listed.The notice will also provide contact information of a female recruiter for female recruits or potential recruits.Sources said that these settlement terms pertain to not just recruiting stations, but all locations to which recruiters travel.Sources added that though they were named as defendants in the complaints, Fukushima and Dunzweiler were not involved in the settlement.

**Plaintiff Attorneys:** Barry Vogel, Attorney at Law and Counselor, Ukiah, Calif.; Michael Steven Sorgen, Law Offices of Michael Sorgen, Emily E. Arnold-Fernandez, San Francisco

**Defense Attorneys:** Owen Peter Martikan, U.S. Attorney, Northern District of California, San Francisco

**Key Related Documents:** Stipulation for compromise settlement available. Document #99-070703-032R.
Dismissal available. Document #99-070703-033R.
Order granting in part and denying in part motion for summary judgment available. Document #99-070703-036R.
Third amended complaint available. Document #99-070703-035C.
Answer available. Document #99-070703-034W.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 7/27/2007

SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
OWEN P. MARTIKAN (SBN 177104)
Assistant United States Attorney

450 Golden Gate Avenue,9th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-7241
Facsimile: (415) 436-6748
Email: owen.martikan@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE and MARY ROE,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MICHAEL W. HAGEE, Commandant of the U.S. Marine Corps, THE U.S. MARINE CORPS, DONALD C. WINTER, Secretary of the Navy, THE U.S. NAVY, BRIAN FUKUSHIMA, JOSEPH DUNZWEILER, and DOES 1-10,<br><br>Defendants. | No. C 06-01777 MHP<br>**E-FILING CASE**<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF CLAIMS AND [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED by and between the undersigned parties and their attorneys, that this action be settled and compromised, as follows:

1. Federal Defendants the United States of America, General Michael W. Hagee, Commandant of the U.S. Marine Corps, the U.S. Marine Corps, Donald C. Winter, Secretary of the Navy, and the U.S. Navy (collectively the "Settling Defendants") shall pay to Plaintiffs Jane Doe and Mary Roe and their attorneys, Barry Vogel and Michael Sorgen, the collective sum of $200,000.00 (two hundred thousand dollars and no cents). Payment shall be made by check made payable to Michael Sorgen, Esq., in trust for plaintiffs Jane Doe and Mary Roe.

2. The Settling Defendants shall also do the following:

a. Provide plaintiffs Jane Doe and Mary Roe with access to a female recruiter, if they desire one.

b. With respect to Recruiting Station San Francisco, all recruiting locations shall post a notice in at least the following fonts: typeface 72 for headline notice provisions and typeface 32 for text. The notice will contain the following provisions:

1. If any person feels that she or he has been the victim of sexual harassment or unwanted sexual advances, she or he should contact the local uniformed Victim's Advocate, whose contact information shall be listed, and that all information provided to the uniformed Victim's Advocate shall be kept in the strictest confidence.

2. If any female potential recruit or recruit desires to speak with a female recruiter, she may do so and the contact information for a female recruiter shall be provided upon request.

c. Any overnights within the jurisdiction of Recruiting Station San Francisco shall comply with District Bulletin No. 1130.1, part 3(b)(1) (a), (b), and (c) (attached hereto as Exhibit A and incorporated herein by reference), and shall be approved, at a minimum, by the Commanding Officer of Recruiting Station San Francisco.

d. With respect to controlled substances, all recruiters shall comply with the Uniform Code of Military Justice.

3. The Settling Defendants' performance of paragraphs 1 and 2 above is in full and final settlement and satisfaction of any and all claims and demands which Plaintiffs JANE DOE and MARY ROE have or may hereafter acquire against the Settling Defendants herein, or any of their departments, agents, servants, employees or attorneys, arising from the events described in Plaintiffs' pleadings in this action.

4. Plaintiffs' complaint against the Settling Defendants in this action shall be dismissed with prejudice. In consideration of the terms enumerated herein and above in paragraphs 1 and 2, Plaintiffs JANE DOE and MARY ROE agree that, within five days from notification by the US Attorney's Office that the settlement amount is available, Plaintiffs' counsel will execute and forward to Assistant United States Attorney Owen P. Martikan for execution and filing with the court a stipulation for dismissal with prejudice in a form mutually agreeable to the parties. AUSA Martikan will execute and file the stipulation of dismissal within five days of his receipt thereof. On the date that the dismissal is filed, the settlement amount shall be delivered to Plaintiff's counsel.

5. Within 24 hours of the Court's entry of the proposed order accompanying this stipulation, AUSA Martikan shall forward to the Department of Justice Judgment Fund a Judgment Fund Transmittal requesting payment of the settlement amount set forth in paragraph 1, above.

6. Plaintiffs JANE DOE and MARY ROE will accept the payments described herein in full settlement and satisfaction of any and all claims and demands which they, their successors or assigns may now have or hereafter acquire against the Settling Defendants or any of their departments, agents, servants, employees or attorneys, on account of the events described in Plaintiffs' pleadings in this action.

7. Plaintiffs JANE DOE and MARY ROE agree to indemnify the Settling Defendants for any and all liens, known or unknown, lodged against the settlement agreement in this action.

8. Plaintiffs JANE DOE and MARY ROE do hereby release and forever discharge the Settling Defendants and any and all of their past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands or any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Plaintiffs' pleadings in this action.

9. California Civil Code Section 1542 provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiffs JANE DOE and MARY ROE have been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs JANE DOE and MARY ROE understand that, if the facts concerning their injuries and the liability of the Settling Defendants for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

10. This Agreement may be pled and will serve as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

11. Attorneys' fees and all costs shall be paid from, and not in addition to, the payments described in paragraph 1, above. The settlement payment is made for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation of the plaintiffs' claims.

12. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Settling Defendants, or any of their agents, servants, employees or attorneys, on account of the events described in Plaintiffs' complaint in this action.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be

Case 1:05-cv-00186-FMA Document 83-3 Filed 08/01/2008 Page 8 of 53

altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

IT IS SO STIPULATED.

**For Plaintiffs Jane Doe and Mary Roe.**

LAW OFFICES OF BARRY VOGEL

DATED: 6/6/07 By: /s/
BARRY VOGEL, ESQ.
Attorney for Plaintiffs

LAW OFFICES OF MICHAEL SORGEN

DATED: 6/6/07 By: /s/
MICHAEL SORGEN, ESQ.
Attorney for Plaintiffs

**For the Settling Defendants.**

SCOTT N. SCHOOLS
United States Attorney

DATED: 6/6/07 By: /s/
OWEN P. MARTIKAN
Assistant United States Attorney
Attorneys for Federal Defendants

**[PROPOSED] ORDER**

Pursuant to stipulation, IT IS SO ORDERED.

DATED: ______________

HON. MARILYN HALL PATEL
United States District Judge

# DEFENDANT'S EXHIBIT 3

Copyright 2007 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlement Report

*2007 Mealey's Jury Verdicts & Settlements 107*

**HEADLINE:** Former Student Wins $96,125 In Case Involving Sexual Abuse By A Teacher

**Case Name:** Shannon Montalvo v. Frederick J. Nowotarski Jr.

**Case Number:** 04-1239

**Court:** M.D. Pa.

**Judge:** Thomas I. Vanaskie

**Verdict/Settlement (breakdown):** $97,589.55 verdict ($20,000 for damages, $30,000 for punitive damages, $46,125 for attorney fees, $1,464.55 for costs)

**Plaintiff(s):** Shannon Montalvo

**Defendant(s):** Frederick J. Nowotarski Jr.

**Date:** Jan. 5, 2007

**Claim:** Violations of right to freedom from invasion of personal security through sexual abuse under 42 U.S. Code Section 1983

**Defense:** Liability denied.

**Background:** Shannon Montalvo, 23, alleges that in the 1996-1997 school year, while she was a seventh-grade student at Tamaqua Area Junior High School in Tamaqua, Pa., she was manipulated into sexual relations with Frederick Nowotarski Jr., a former music teacher in the Tamaqua Area School District. Montalvo claims that the sexual molestation occurred at school and other places and included assault, battery and intentionally inflicted emotional distress.Montalvo sued Nowotarski in the U.S. District Court for the Middle District of Pennsylvania on June 8, 2004.

**Plaintiff Experts:** David Burns, psychiatrist, Philadelphia; testified about psychological injuries.

**Other:** The jury answered yes to the following special verdict questions: Do you find that Montalvo proved by a preponderance of the evidence that Nowotarski acted under the color of state law? Do you find that she proved by a preponderance of the evidence that while acting under the color of law, Nowotarski deprived her of a constitutional right? Do you find that the plaintiff proved by a preponderance of the evidence that the defendant committed a battery against her? Do you find that the plaintiff proved by a preponderance of the evidence that the defendant's conduct was extreme and outrageous?The jury answered no to the following questions: Do you find that the plaintiff proved by a preponderance of the evidence that the defendant committed an assault against plaintiff? Do you find that the plaintiff proved by a preponderance of the evidence that the defendant's conduct caused her severe emotional distress?

**Plaintiff Attorneys:** Donald Feinberg, Feinberg and Silva, Philadelphia

**Defense Attorneys:** James Albert, Law Offices of James J. Albert, Pittston, Pa.; Robin Snyder, Marshall Dennehey Warner Coleman & Goggin, Scranton, Pa.

**Key Related Documents:** Amended complaint available. Document #99-070205-364C.
Answer available. Document #99-070205-365W.
Montalvo's pretrial memorandum available. Document #99-070205-366B.
Burns' expert report, filed as an exhibit, available. Document #99-070205-367E.
Rape crisis reports, filed as an exhibit, available. Document #99-070205-368X.
Nowotarski's statement of facts available. Document #99-070205-372X.
Nowotarski's deposition, filed as exhibit, available. Document #99-070205-369D.
Montalvo's deposition, filed as exhibit, available. Document #99-070205-370D.
Montalvo's statement of facts available. Document #99-070205-371X.
Nowotarski's pretrial memorandum available. Document #99-070205-373B.
Montalvo's proposed voir dire available. Document #99-070205-374X.
Jury verdict available. Document #99-070205-375V.
Dec. 21, 2006, judgment awarding damages and punitive damages available. Document #99-070205-376R.
Jan. 5, 2007, judgment awarding attorney fees available. Document #99-070205-377R.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 2/19/2007

Case 1:05-cv-00186-FMA Document 85-3 Filed 08/01/2008 Page 12 of 53

AO 450 (Rev.5/85) Judgement in a Civil Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON MONTALVO

JUDGMENT IN A CIVIL CASE

VS.

3:CV-04-1239

FREDERICK J. NOWOTARSKI, JR.

XX **Jury Verdict.** This action came before the Court for a Trial by Jury. The issues have been tried and the jury has rendered its verdict.

____ **Decision by Court.** On defendants' motion for judgment as a matter of law with respect to the procedural due process and civil conspiracy claims.

IT IS ORDERED AND ADJUDGED

that judgment is entered in favor of plaintiff, Shannon Montalvo and against the defendant, Frederick J. Nowotarski, Jr. in the amount of twenty thousand dollars, ($20,000) to compensate the plaintiff for her damages.

IT IS FURTHER ORDERED AND ADJUDGED

that judgment is entered in favor of plaintiff, Shannon Montalvo and against defendant Frederick J. Nowotarski, Jr. in the amount of thirty thousand dollars, ($30,000) for punitive damages.

December 21, 2006
DATE

MARY E. D'ANDREA
CLERK

[signature]
Deputy Clerk

AO 450 (Rev.5/85) Judgement in a Civil Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SHANNON MONTALVO

JUDGMENT IN A CIVIL CASE

VS.

3:CV-04-1239

FREDERICK J. NOWOTARSKI, JR.

IT IS ORDERED AND ADJUDGED

that judgment is entered in favor of plaintiff, Shannon Montalvo and against the defendant, Frederick J. Nowotarski, Jr. in the amount of forty-six thousand one hundred twenty-five dollars, ($46,125.00) to compensate plaintiff for attorneys fees.

January 5, 2007
DATE

MARY E. D'ANDREA
CLERK

Deputy Clerk

Case 1:05-cv-00186-FMA Document 85-3 Filed 08/01/2008 Page 14 of 53

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHANNON MONTALVO** Plaintiff | : | Judge Thomas I. Vanaskie |
| v. | : | Number: 3:04cv1239 |
| **FREDERICK J. NOWOTARSKI, JR.** Defendant | : | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S COUNTER STATEMENT OF MATERIAL FACTS RE: SUMMARY JUDGMENT**

1. Defendant and Miss. Montalvo's (age 12) relationship started in school then evolved during the school year. (Exhibit "B" – Shannon Montalvo's Deposition at p. 25.)

2. At first, the relationship entailed talking about everything at school when Miss Montalvo would stay after school and also talking on the telephone. (Exhibit "B" – Shannon Montalvo's Deposition at pp. 25-26.)

3. Defendant Nowotarski and Miss Montalvo's first conversation unrelated to school matters occurred in Defendant's music room, at school. (Exhibit "B" – Shannon Montalvo's Deposition at p. 24.)

4. Defendant and Miss Montalvo would talk about school, the stormy relationship between Miss Montalvo and her parents, Miss Montalvo's history of sexual abuse involving her grandmother's boyfriend and life in general. (Exhibit "A" – Defendant Nowotarski's Deposition at pp. 55-61.)

5. Defendant and Miss Montalvo's relationship turned physical on or about October 6, 1996 when they kissed at Defendant's residence. (Exhibit "B" – Shannon Montalvo's Deposition at p. 21.)

6. Other incidents of inappropriate physical contact between Defendant Nowotarski and Miss Montalvo occurred as follows:

a. At a playground near Defendant's residence when Defendant and Miss Montalvo were engaged in a game of basketball. Defendant Nowotarski testified that the physical contact was incident to the game of basketball. (Exhibit "A" – Defendant Nowotarski's Deposition at p. 45.) Then testified that he may have put his arm around Miss Montalvo. (Exhibit "A" – Defendant Nowotarski's Deposition at p. 48.) Finally, Defendant Nowotarski admits to a hugging Miss Montalvo to protect against her kissing him. (Exhibit "A" – Defendant Nowotarski's Deposition at pp. 73-74.)

b. At his residence, they engaged in sexual intercourse. (Exhibit "B" – Shannon Montalvo's Deposition at p. 30.)

c. They engaged in intercourse on twenty-nine (29) occasions. (Exhibit "B" – Shannon Montalvo's Deposition at p. 51.)

d. Defendant Nowotarski and Miss Montalvo engaged in fellatio in the band room closet in school. (Exhibit "B" – Shannon Montalvo's Deposition at p. 122.)

e. The parties "made-out" behind the stage in school. (Exhibit "B" – Shannon Montalvo's Deposition at p. 118.)

f. The parties "made-out" in Defendant's classroom. (Exhibit "B" – Shannon Montalvo's Deposition at p. 118.)

g. During a school dance, Defendant Nowotarski and Miss Montalvo went to Defendant's classroom and hugged. (Exhibit "B" – Shannon Montalvo's Deposition at p. 133.)

7. Defendant Nowotarski treated Miss Montalvo in favorable manner at school by:

a. Defendant appointed Miss Montalvo choir manager despite that she was in seventh grade and the choir manager is supposed to be an eighth grade student. (Exhibit "B" – Shannon Montalvo's Deposition at p. 55.)

b. Defendant Nowotarski would give Miss Montalvo an "A" although her performance was worse than her friends whom did not earn an "A". (Exhibit "B" – Shannon Montalvo's Deposition at p. 88.)

c. Defendant Nowotarski would drive Miss Montalvo to school. (Exhibit "B" – Shannon Montalvo's Deposition at p. 65.)

d. Defendant Nowotarksi would give Miss Montalvo passes allowing her to get out of study hall to come to his classroom, where, at times, they were the only two in the music room. (Exhibit "B" – Shannon Montalvo's Deposition at p. 24.) Defendant Nowotarski admits to one occasion when they were in the music room alone but later admits to four or five occasions. (Exhibit "A" – Defendant Nowotarski Deposition at pp. 92-93.)

e. Defendant Nowotarski allowed Miss Montalvo to come to his music room after school under the guise of helping her study and making sure her

Case 1:05-cv-00186-FMA Document 85-3 Filed 08/01/2008 Page 17 of 53

assignments were done. However, Defendant Nowotarski testified that as a result of his involvement Miss Montalvo showed improved test grades but than admits that he did not know how she was doing in other classes because he did not check the test grades. (Exhibit "A" – Defendant Nowotarski's Deposition at pp. 66-67.)

8. Defendant would talk to Miss Montalvo, at his residence, about school and other matters personal to Miss Montalvo such as her feelings of being abused by her parents and history of sexual abuse by her grandmother's boyfriend. (Exhibit "A" – Defendant Nowotarski's Deposition at pp. 55-59.) Defendant Nowotarski does not remember what conversation they had at the school dance because the music was too loud. (Exhibit "A" – Defendant Nowotarski's Deposition at p. 96.)

9. On March 28, 1994, Defendant Nowotarski received a reprimand from the Tamaqua Area Junior High School principal, Robert Lombardo, as part of an investigation into his alleged inappropriate conduct concerning female students, concerning playing favorites. (Exhibit "C" – Formal Letter of Reprimand dated March 28, 1994.)

10. As a result of Defendant Nowotarski's misconduct, Miss Montalvo suffered emotional trauma resulting in emotional instability, erratic and self-destructive behavior necessitating the need for medication and psychotherapy. (Exhibit "D" – David R. Burns, M.D. Expert Report.)

(Page intentionally left blank.)

Respectfully Submitted,

FEINBERG & SILVA

BY: /s/Donald J. Feinberg, Esquire
Identification Number: 72791
2000 Market Street, Suite 1805
Philadelphia, Pennsylvania 19103
Attorney for Plaintiffs
Phone: (215) 665-8989
Fax: (215) 665-0250
E-mail: DJFLAW94@Comcast.net

Case 1:05-cv-00186-FMA Document 83-3 Filed 08/01/2008 Page 19 of 53

## CERTIFICATE OF SERVICE

I, DONALD J. FEINBERG, J.D., LL.M., hereby certify that on this 16th day of September 2005, a true and correct copy of the preceding document was served upon the following counsel of record via electronic filing:

Robin B. Snyder, Esquire
E-mail: rsnyder@mdwcg.com

FEINBERG & SILVA

BY: Donald J. Feinberg, Esquire/s/
DONALD J. FEINBERG, J.D., LL.M.
Identification Number: 72791
2000 Market Street, Suite 1805
Philadelphia, Pennsylvania 19103
Attorney for Plaintiffs
Phone: (215) 665-8989
Fax: (215) 665-0250
E-mail: DJFLAW94@Comcast.net

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHANNON MONTALVO** | : | |
| **Plaintiff** | : | |
| **v.** | : | **3:CV-04-1239** |
| | : | **(JUDGE VANASKIE)** |
| **FREDERICK J. NOWOTARSKI, JR.** | : | |
| **Defendant** | : | |

**SPECIAL VERDICT QUESTIONS**

**Civil Rights Act Claim**

1(a). Do you find that Plaintiff, Shannon Montalvo, proved by a preponderance of the evidence that Defendant, Frederick J. Nowotarski, Jr., acted under color of state law?

Yes ✓ No ___

If you answered "Yes" to question 1(a), proceed to question 1(b).

If you answered "No" to question 1(a), proceed to question 2.

1(b). Do you find that Plaintiff proved by a preponderance of the evidence that while acting under color of state law, Defendant deprived Plaintiff of a federal constitutional right?

Yes ✓ No ___

Proceed to question 2.

**Assault**

2. Do you find that Plaintiff proved by a preponderance of the evidence that Defendant committed an assault against Plaintiff?

Yes ____ No ✓

Proceed to question 3.

**Battery**

3. Do you find that Plaintiff proved by a preponderance of the evidence that Defendant committed a battery against Plaintiff?

Yes ✓ No ___

Proceed to question 4(a).

**Intentional Infliction of Emotional Distress**

4(a). Do you find that Plaintiff proved by a preponderance of the evidence that Defendant's conduct was extreme and outrageous?

Yes ✓ No ___

If you answered "Yes" to question 4(a), proceed to question 4(b).

If you answered "No" to question 4(a), proceed to Damages.

4(b). Do you find that Plaintiff proved by a preponderance of the evidence that Defendant's conduct caused Plaintiff severe emotional distress?

Yes ____ No √

If you answered "Yes" to question 4(b), proceed to question 4(c).

If you answered "No" to question 4(b), proceed to Damages.

4(c). Do you find that Plaintiff proved by a preponderance of the evidence that Defendant acted intending to cause Plaintiff such distress or with knowledge that such distress was substantially certain to occur?

Yes ____ No ___

Proceed to Damages.

**Damages**

If you answered yes to questions 1(b) **OR** 2 **OR** 3 **OR** 4(c), proceed to questions 5 and 6. Otherwise, your deliberations are at an end. Your foreperson should sign and date the form at the designated place and return to the Courtroom.

5. What amount do you find will fairly and adequately compensate the Plaintiff for her damages?

$ 20,000 dollars

6. Do you find that Plaintiff proved by preponderance of the evidence that Defendant acted with malice or reckless indifference to Plaintiff's protected rights?

Yes ✓ No ____

If you answered "Yes" to question 6, what amount of punitive damages, if any, should Plaintiff be awarded?

$ 30,000 dollars

**THE FOREPERSON MUST SIGN AND DATE THIS VERDICT FORM.**

Date: 12-20-2006

Foreperson

# DEFENDANT'S EXHIBIT 4

Copyright 2006 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

*2006 Mealey's Jury Verdicts & Settlements 3233*

**HEADLINE:** Georgia Jury Awards $5,000 To Woman Who Alleged Sexual Assault Against Hotel Owner

**Case Name:** Sheri L. Leggett v. Gold International Inc., et al.

**Case Number:** 2: 05-CV-00137-AAA

**Court:** S.D. Ga.

**Judge:** Anthony A. Alaimo

**Verdict/Settlement (breakdown):** $5,000 plaintiff verdict

**Plaintiff(s):** Sheri L. Leggett

**Defendant(s):** Gold International Inc., doing business as Days Inn, Yu Hai Ma

**Date:** Nov. 7, 2006

**Claim:** Violations under Title VII of the Civil Rights Act of 1964, Section 701, et seq., as amended, 42 U.S. Code Section 200e, et seq., as amended, and the Civil Rights Act of 1991, as amended

**Defense:** Gold International and Ma denied the allegations, did not hire Leggett for the job and did not commit the offense of sexual battery. Leggett denied the allegations made against her in the counterclaim.

**Background:** Sheri L. Leggett claimed that in January 2005, she interviewed for and received a hotel manager position with the Days Inn in Brunswick, Ga., managed by Yu Hai Ma and his wife.Leggett claimed that in February 2005, Gold International Inc., doing business as Days Inn, through its employee, Ma, engaged in sexual harassment and discrimination against her on the basis of national origin and race, black, and retaliation for not allowing a sexual battery to take place.On June 8, 2005, Leggett sent a charge of discrimination and right-to-sue letter to the Equal Employment Opportunity Commission, which was approved.Leggett sued Gold International on June 30, 2005, in the U.S. District Court for the Southern District of Georgia, Brunswick Division.Gold International counterclaimed against Leggett on July 21, 2005, for intentional infliction of emotional distress.On Sept. 27, 2005, Leggett's motion to include Ma in the case was granted. Ma counterclaimed on Feb. 8, 2006, for intentional infliction of emotional distress.

**Plaintiff Experts:** Katherine L. Butler, M.S., was expected to testify as to the presence of semen on three articles and the results of the DNA testing of Ma.

**Other:** The case went to trial on Nov. 6, 2006, and a verdict was reached Nov. 7, 2006. The jury found in favor of Leggett and awarded her $5,000 in punitive damages. Judge Anthony A. Alaimo approved this verdict on Nov. 8, 2006.

**Plaintiff Attorneys:** John T. McKnight Jr., Law Office of John T. McKnight Jr., St. Simons Island, Ga.; Steven L. Morgan, Law Office of Steven L. Morgan, Brunswick

**Defense Attorneys:** Hoang The Nguyen, Law Office of Hoang The Nguyen, Atlanta; Jeffrey Brian Rentz, Williams, Rentz & Associates, St. Simons Island

**Key Related Documents:** Judgment available. Document #99-070514-F58R.
Question from the jury to the court available. Document #99-070514-F59X.
Jury verdict available. Document #99-070514-F60V.
Jury instructions available. Document #99-070514-F61J.
Leggett's exhibit list available. Document #99-070514-F62E.
Gold and Ma's exhibit list available. Document #99-070514-F63E.
Leggett's answer to Ma's counterclaim available. Document #99-070514-F64W.
Ma's answer, counterclaim available. Document #99-070514-F65W.
Leggett's answer to Gold's counterclaim available. Document #99-070514-F66W.
Leggett's expert witness report available. Document #99-070514-F67E.
Order granting motion for joinder of Ma available. Document #99-070514-F68R.
Gold's answer, counterclaim available. Document #99-070514-F69W.
Complaint available. Document #99-070514-F70C.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 6/18/2007

AO 450 (GAS Rev 10/03) Judgment in a Civil Case

FILED
U.S. DISTRICT COURT
2006 NOV -8 P 5:0

# United States District Court

## *Southern District of Georgia*

SHERI L. LEGGETT

JUDGMENT IN A CIVIL CASE

v.

CASE NUMBER: CV205-137

GOLD INTERNATIONAL, INC.,
d/b/a DAYS INN, and YU HAI MA

☑ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☐ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**

that in accordance with such verdict, the Plaintiff, SHERI L. LEGGETT do have and recover nothing from the Defendants, GOLD INTERNATIONAL, INC., d/b/a DAYS INN and YU HAI MA as to compensatory damages and Five Thousand Dollars and no/100 ($5,000.00) punitive damages, with costs of court, said costs to be taxed by the Clerk of this Court.

Approved by: ______________________

November 8, 2006
*Date*

Scott L. Poff
*Clerk*

*(By) Deputy Clerk*

# DEFENDANT'S EXHIBIT 5

Copyright 2006 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlements Report

*2006 Mealey's Jury Verdicts & Settlements 3200*

**HEADLINE:** EEOC, Subway Reach $140,000 Settlement In Sexual Harassment Case

**Case Name:** Equal Employment Opportunity Commission v. Subway of Asheville #7, et al.

**Case Number:** 1: 05-CV-46

**Court:** W.D. N.C.

**Judge:** Dennis Howell

**Verdict/Settlement (breakdown):** $140,000 settlement ($25,000 each in damages, costs and attorney fees to Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson and Danita Powell; $15,000 in damages, costs and attorney fees to Jennifer Owen)

**Plaintiff(s):** Equal Employment Opportunity Commission

**Defendant(s):** Subway of Asheville #7 LLC, Ahmad Enterprises of North Carolina Inc., Subway of Canton Inc., Subway of Merrimon Avenue Inc. and Suwan Subway LLC

**Date:** May 19, 2006

**Claim:** Violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991; negligent hiring, supervision and retention; assault and battery

**Defense:** Liability denied.

**Background:** The Equal Employment Opportunity Commission alleged that Subway of Asheville #7 LLC, Ahmad Enterprises of North Carolina Inc., Subway of Canton Inc., Subway of Merrimon Avenue Inc. and Suwan Subway LLC (collectively, Subway) discriminated against Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson and Danita Powell because of their sex while they were employed at a Subway sandwich shop in Asheville, N.C.It further alleged that from October 2002 to February 2003, the employees were subjected to unwelcome sexual comments, gestures and touching by a male supervisor. It claimed that Cooper, Green, Jackson and Powell complained to Subway about the sexual harassment and that the women were forced to resign because no action was taken to prevent it.The EEOC claimed that Grady was discharged because she filed a discrimination charge with the EEOC in October 2002.On Feb. 23, 2005, the EEOC sued Subway in the U.S. District Court for the Western District of North Carolina.

**Other:** On June 8, 2005, Cooper, Green, Jackson and Powell filed an intervenor complaint against Subway in the District Court. On July 8, 2005, Grady filed an intervenor complaint against Subway in the District Court.

**Plaintiff Attorneys:** For the EEOC - Eric S. Dreiband, Gwendolyn Young Reams, James Lee, Kara Gibbon Haden and Lynette A. Barnes, EEOC, Washington, D.C. For Cooper, Green, Jackson and Powell - Jessica Erin Leaven, Adams Law Firm, Asheville, N.C. For Grady - Paul Louis Bidwell, Asheville

**Defense Attorneys:** John Craig Cloninger and William Bradford Searson, Cloninger, Lindsay, Hensley, Searson & Arcuri, Asheville, N.C., and Ronald C. True, Asheville

**Key Related Documents:** Complaint available. Document #99-070528-G01C.
Answer available. Document #99-070528-G02W.
Intervenor complaint available. Document #99-070528-G03C.
Answer to intervenor complaint available. Document #99-070528-G04W.
Settlement agreement available. Document #99-070528-G05P.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 6/13/2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>**Plaintiff,**<br><br>**And**<br><br>**MELANIE COOPER, CRYSTAL GREEN, CHRISTINA JACKSON and DANITA POWELL,**<br>**Plaintiff-Intervenors,**<br><br>**And**<br><br>**JENNIFER GRADY,**<br>**Plaintiff-Intervenor,**<br><br>**v.**<br><br>**SUBWAY OF ASHEVILLE #7, LLC, AHMAD ENTERPRISES OF NORTH CAROLINA, INC., SUBWAY OF CANTON, INC., SUBWAY OF MERRIMON AVENUE, INC., and SUWAN SUBWAY, LLC,**<br>**Defendants.** | **CIVIL ACTION NO. 1:05CV46**<br><br>**CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendants Subway of Asheville #7, LLC, Ahmad Enterprises of North Carolina, Inc., Subway of Canton, Inc., Subway of

Merrimon Avenue, Inc., and Suwan Subway, LLC (collectively "Defendants") discriminated against Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson, Danita Powell and other similarly situated female employees because of their sex, female. The Commission's Complaint further alleged that Defendants constructively discharged Melanie Cooper, Crystal Green, Christina Jackson and other similarly situated female employees because of their sex, and that Defendants discriminated against Jennifer Grady by discharging her in retaliation for filing a charge of discrimination. Thereafter, Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson, and Danita Powell intervened, through counsel, alleging violations of Title VII and state law, including wrongful discharge in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, negligent hiring, and negligent supervision and retention. Defendants and each of them have denied and deny all such allegations.

The Commission, Plaintiff-Intervenors, and the Defendants, hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Commission and Plaintiff-Intervenors' complaints without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties, including all claims that were asserted by the individual Plaintiff-Intervenors under federal and state law, as provided in paragraphs 1 through 17 below.

**ORDER**

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendants shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendants shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendants shall pay damages, costs, and attorneys' fees in the total amount of One Hundred Forty Thousand Dollars ($140,000.00) in settlement of all claims raised in this action. Defendants shall make payment of One Hundred Twenty-Five Thousand Dollars ($125,000.00) within ten (10) days after the Court

approves this Consent Decree and payment of an additional Fifteen Thousand Dollars ($15,000.00) within sixty (60) days after the Court approves this Consent Decree. Of said total amount, Defendants shall make payment by causing to be issued attorney's Trust checks as follows:

A. To each Plaintiff-Intervenor (Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson and Danita Powell), damages, costs and attorneys' fees in the amount of Twenty-Five Thousand Dollars ($25,000.00), subject to the payment schedule described above, and to be allocated according to a written agreement between counsel for Defendants and counsel for the individual Plaintiff-Intervenors;

B. To Jennifer Owens, damages in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00) within ten (10) days after the Court approves this Consent Decree, and in the amount of Two Thousand Five Hundred Dollars ($2,500.00) within sixty (60) days after the Court approves this Consent Decree, for total payment of Fifteen Thousand Dollars ($15,000.00). The checks for Ms. Owens shall be sent directly to Ms. Owens at an address to be provided by the Commission.

Within ten (10) days after each payment, Defendants shall mail to Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, North Carolina 28202, a copy of each check and proof of its delivery.

4. Defendant Subway of Asheville #7, LLC shall be responsible for payment of all monetary sums set forth in paragraph 3, *supra*, yet the remaining Defendants shall remain jointly and severally responsible for payment of said sums.

5. Within ten (10) days of the entry of this decree by the Court, Defendants shall eliminate from the employment records of Melanie Cooper, Jennifer Grady, Crystal Green, Christina Jackson, and Danita Powell, any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Numbers 140-2003-00093, 140-2003-00436, 140-2003-03879, 140-2003-04325, 140-2003-04806, and 140-2003-04914 and the related events that occurred thereafter. Within fifteen (15) days of the entry of this decree by the Court, Defendants shall report compliance with this provision to the Commission.

6. Defendants agree to provide each of Melanie Cooper, Crystal Green, Jennifer Grady, Christina Jackson, Jennifer Owens, and Danita Powell with a positive letter of reference, a copy of which is attached hereto as Appendix A, within fifteen (15) days of the entry of this Decree. Within ten (10) days of after mailing the letters of reference to Ms. Cooper, Ms. Green, Ms. Grady, Ms. Jackson, Ms. Owens, and Ms. Powell, Defendants shall report compliance to the Commission. In addition, if Defendants receive any inquiries regarding the employment of Ms. Cooper, Ms. Green, Ms. Grady, Ms. Jackson, Ms. Owens, or Ms. Powell, Defendants shall provide a copy of the letter in lieu of an oral response.

7. Within ninety (90) days of the entry of this Decree by the Court, each Defendant shall adopt, implement, and distribute a formal, written anti-discrimination

policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment; procedures for reporting discrimination, including sexual harassment; and a procedure for the thorough and immediate investigation of employee complaints of discrimination and sexual harassment. Each Defendant shall distribute to its current employees a copy of its policy within the aforementioned 90 day time period. Within one hundred (100) days of the entry of this Decree, each Defendant shall report compliance to the Commission. During the term of this Decree, each Defendant shall distribute its policy to all new employees and train the new employee on the policy at the time of hire.

8. During the term of this Decree, each Defendant shall post a copy of its policy described in paragraph 7, *supra*, in all of its facilities in a place where it is visible to employees. Within ten (10) days after the Consent Decree is entered, each Defendant will post its policy and notify the Commission that it has been posted. If a policy becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the policy.

9. During the term of this Decree, each Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil

Rights Act of 1964, and its prohibition against sexual harassment and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program for each Defendant shall be completed within one hundred (100) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, the Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, the Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

10. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, each Defendant shall conspicuously post the attached Employee Notice, marked Appendix B, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If a Notice becomes defaced or unreadable, the Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, each Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

11. During the term of this Consent Decree, each Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

A. the identities of all individuals who have reported or complained of sexual harassment or sexual conduct, including by way of identification each person's name, last known telephone number and address, social security number, and job title;

B. for each individual identified in 11.A. above, provide a detailed description of the individual's report/complaint and what action, if any, Defendant took in response to the report/complaint;

C. the identities of all individuals who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, position, and social security number;

D. For each individual identified in 11.C. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

E. for each individual whose employment status has changed as identified in 11.D. above, a detailed statement explaining why the individual's employment status has changed.

In the event there is no activity to report pursuant to this paragraph, the Defendant(s) having nothing to report shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendants' facilities, interview employees and examine and copy documents. However, such inspections, interviews and examinations shall take place at reasonable times during Defendants' normal business hours and in such a manner so as not to disrupt the orderly ongoing business of Defendants.

13. If anytime during the term of this Decree, the Commission believes that any one or more Defendants is in violation of the Decree, the Commission shall give a reasonably detailed notice of the alleged violation to that Defendant. The Defendant(s) shall have fourteen (14) calendar days in which to investigate and respond to the allegations. Thereafter, the Commission and the Defendant(s) shall have a period of fourteen (14) calendar days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Decree shall be for four (4) years from its entry by the Court.

15. All reports or other documents sent to the Commission by Defendants pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, North Carolina 28202.

16. Each party shall bear its own costs and attorney's fees except as otherwise set forth in paragraph 3, *supra*.

17. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The Decree shall expire by its own terms at the end of four (4) years without further action by the parties.

18. The court has conducted an independent review of the proposed consent degree, and finding that the terms of the decree comply with current law, are reasonable, and further the interests of justice, the decree is so entered.

Signed: May 19, 2006

Dennis L. Howell
United States Magistrate Judge

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**/s/ Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar No. 19732)
Regional Attorney
Email: lynette.barnes@eeoc.gov

**/s/ Kara Gibbon Haden**
KARA L. GIBBON HADEN
(NC Bar No. 26192)
Senior Trial Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6887
Facsimile: 704.344.6780
Email: kara.haden@eeoc.gov

MELANIE COOPER, CRYSTAL GREEN, CHRISTINA JACKSON and DANITA POWELL, Plaintiff-Intervenors

**/s/ Jessica E. Leaven**
JESSICA E. LEAVEN (NC Bar No. 27832)
THE ADAMS LAW FIRM
81-B Central Avenue
Asheville, North Carolina 28801
Telephone: 828.251.1821
Facsimile: 828.251.1802
Email: jesfri@bellsouth.net

JENNIFER GRADY, Plaintiff-Intervenor

**/s/ Paul L. Bidwell**
PAUL L. BIDWELL (NC Bar No. 12868)
29 N. Market Street
Asheville, North Carolina 28801
Telephone: 828.252.0490
Facsimile: 828.252.0511
Email: bidwelllaw@cs.com

SUBWAY OF ASHEVILLE #7, LLC, AHMAD ENTERPRISES OF NORTH CAROLINA, INC., SUBWAY OF CANTON, INC., SUBWAY OF MERRIMON AVENUE, INC., and SUWAN SUBWAY, LLC., Defendants

**/s/ Ronald C. True**
RONALD C. TRUE (NC Bar No. 13137)
One Oak Plaza, Suite 106
Asheville, North Carolina 28801
Telephone: 828.251.5001
Facsimile: 828.251.1080
Email: trueatty@bellsouth.net

**/s/ W. Bradford Searson**
JOHN C. CLONINGER
(NC Bar No. 9752)
W. BRADFORD SEARSON
(NC Bar No. 18749)
CLONINGER, ELMORE, HENSLEY & SEARSON, PLLC
366 Merrimon Avenue
Asheville, North Carolina 28801
Telephone: 828.252.1786
Facsimile: 828.252.1874
Email: cloninger@clhsa.com
searson@clhsa.com

**APPENDIX A**

[Defendant letterhead]

[insert date]

TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, [Employee Name].

[Employee Name] was employed by Subway of Asheville #7 from [insert date] until [insert date][, *and for Jennifer Grady, was employed by Ahmad-Fakoury Enterprises of North Carolina, Inc. from [insert date] to [insert date]*]. During her tenure with us, [Employee Name] held the position of [Job Title]. A copy of her job description for the position is attached. Although our reference policy generally limits our comments to the foregoing information, we are willing in [Employee Name's] situation to affirm that she is an honest and reliable employee who possesses excellent customer service skills. Indeed, we valued [Employee Name's] services to our organization.

We hope that this information about [Employee Name] is helpful to you in considering her application.

Sincerely,

____________________________

Latif Fakoury
Managing Member
Subway of Asheville #7 LLC
[Ahmad-Fakoury Enterprises of North Carolina, Inc.]

APPENDIX B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>Plaintiff,<br><br>v.<br><br>SUBWAY OF ASHEVILLE #7, LLC, AHMAD ENTERPRISES OF NORTH CAROLINA, INC., SUBWAY OF CANTON, INC., SUBWAY OF MERRIMON AVENUE, INC., and SUWAN SUBWAY, LLC,<br>Defendants. | CIVIL ACTION NO. 1:05CV46<br><br>**EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Subway of Asheville #7, LLC, Ahmad Enterprises of North Carolina, Inc., Subway of Canton, Inc., Subway of Merrimon Avenue, Inc., and Suwan Subway, LLC in a case alleging discrimination based on sex. Specifically, the EEOC alleged that Defendants subjected female employees to a sexually hostile work environment and constructively discharged some of the affected females, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). The EEOC further alleged that Defendants discharged one of the female employees in retaliation for filing an EEOC charge. As a part of the settlement, Defendants agreed to take certain actions as set out in the Consent Decree, appearing of record, resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendants will comply with such federal laws in all respects. Furthermore, Defendants will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least four (4) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: ______________________, 2010.

REDACTED

RECEIVED
ASHEVILLE, N.C.
FEB 25 2005
Clerk, U. S. Dist. Court
W. Dist. of N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

SUBWAY OF ASHEVILLE #7, LLC, AHMAD ENTERPRISES OF NORTH CAROLINA, INC., SUBWAY OF CANTON, INC., SUBWAY OF MERRIMON AVENUE, INC., and SUWAN SUBWAY, LLC, Defendants.

CIVIL ACTION NO. 1:05CV46-T

COMPLAINT

JURY TRIAL DEMAND

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and to provide appropriate relief to individuals who were adversely affected by the practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendants Subway of Asheville #7, LLC, Ahmad Enterprises of North Carolina, Inc., Subway of Canton, Inc., Subway of Merrimon Avenue, Inc., and Suwan Subway, LLC (collectively "Defendants") discriminated against Melanie Cooper, Jennifer Grady, C------ G------, C---------- J---------, D----- P------ and other similarly situated female employees because of their sex, female. The Commission further alleges that Defendants constructively discharged Melanie Cooper, C------ G------, C-------- J------- and other similarly situated female employees

because of their sex. Moreover, the Commission alleges that Defendants discriminated against Jennifer Grady by discharging her in retaliation for filing a charge of discrimination.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

PARTIES

3. Plaintiff Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Subway of Asheville #7, LLC has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Buncombe.

5. At all relevant times, Defendant Ahmad Enterprises of North Carolina, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Buncombe.

6. At all relevant times, Defendant Subway of Canton, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Haywood.

7. At all relevant times, Defendant Subway of Merrimon Avenue, Inc. has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of Buncombe.

8. At all relevant times, Defendant Suwan Subway, LLC has continuously been a North Carolina corporation doing business in the State of North Carolina and the County of McDowell.

9. On information and belief, Defendants have operated as an integrated business enterprise since at least January 1996, and maintain their principal place of business in Asheville, North Carolina.

10. At all relevant times, as an integrated business enterprise Defendants continuously had at least fifteen employees.

11. At all relevant times, Defendants jointly and severally, have continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

12. More than thirty days prior to the institution of this lawsuit, Melanie Cooper, Jennifer Grady, C------ G------, C-------- J-------, and D------ P------ filed charges with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. From around October 2002 until around February 2003, Defendants engaged in unlawful employment practices at Defendants' Subway sandwich shop on Leicester Avenue in Asheville, North Carolina ("Leicester Subway"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), as set forth below:

a. Defendants subjected Melanie Cooper, Jennifer Grady, C------ G-----, C------- J--------, D------- P------- and other similarly situated female employees to sexual harassment that created a sexually hostile work environment based on their sex, female. The harassment included, but was not limited to, unwelcome sexual comments, gestures and touching by one of Defendants' male managers who had supervisory authority over the women. Some of the women complained about the sexual harassment and Defendants otherwise knew or reasonably should have known about the sexual harassment.

b. As a result of the sexual harassment Melanie Cooper, C------- G------, C--------- J-------- and other similarly situated female employees were forced to resign.

14. The effect of the practices complained of in paragraph 13 above has been to deprive Melanie Cooper, Jennifer Grady, C------- G------, C-------- J--------, D------- P------- and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

15. On or about November 6, 2002, Defendants engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Jennifer Grady in retaliation for engaging in a protected activity. Specifically, the Commission alleges that Defendants discharged Ms. Grady because she filed a charge of discrimination against two of the named Defendant entities in October 2002.

16. The effect of the practice complained of in paragraph 15 above has been to deprive Jennifer Grady of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in an activity protected by Title VII.

17. The unlawful employment practices complained of in paragraphs 13 and 15 above were done with malice or with reckless indifference to the federally protected rights of Melanie Cooper, Jennifer Grady, C------- G------, C-------- J--------, D------- P------- and other similarly situated female employees.

18. The unlawful employment practices complained of in paragraphs 13 and 15 above were intentional.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from sexual harassment or any other employment practice that discriminates on the basis of sex and from retaliating against employees who oppose unlawful discrimination, make of a charge of unlawful discrimination, or participate in an investigation of unlawful discrimination.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Melanie Cooper, Jennifer Grady, C------- G-----, C-------- J--------, and other similarly situated female employees by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendants to make whole Melanie Cooper, Jennifer Grady, C------- G-----, C-------- J--------, D------- P-------, and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including medical expenses, in amounts to be determined at trial.

E. Order Defendants to make whole Melanie Cooper, Jennifer Grady, C------- G-----, C-------- J--------, D------- P-------, and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendants to pay Melanie Cooper, Jennifer Grady, C------- G------, C-------- J--------, D------- P------- and other similarly situated female employees punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the ___ day of February 2005.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

LYNETTE A. BARNES
Acting Regional Attorney

KARA GIBBON HADEN
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.344.6885
Facsimile: 704.344.6780

ATTORNEYS FOR PLAINTIFF

# DEFENDANT'S EXHIBIT 6

Copyright 2006 LexisNexis, Division of Reed Elsevier Inc.
LexisNexis Jury Verdicts and Settlement Report

*2006 Mealey's Jury Verdicts & Settlements 2658*

**HEADLINE:** Employer, EEOC Reach $24,250 Settlement In Sexual Assault Case

**Case Name:** Equal Employment Opportunity Commission and Maria H. Hernandez v. Carolina Contractor Referral Inc. d/b/a Matthew's CCR

**Case Number:** 5: 05-CV-504

**Court:** D. N.C.

**Judge:** James C. Dever III

**Verdict/Settlement (breakdown):** $24,250 settlement

**Plaintiff(s):** Equal Employment Opportunity Commission and Maria H. Hernandez

**Defendant(s):** Carolina Contractor Referral Inc. d/b/a Matthew's CCR

**Date:** Oct. 20, 2006

**Claim:** Violation of Title VII of the Civil Rights Act of 1964 and Title VII of the Civil Rights Act of 1991

**Defense:** Liability denied.

**Background:** The Equal Employment Opportunity Commission and Maria H. Hernandez sued Carolina Contractor Referral Inc. d/b/a Matthew's CCR on July 21, 2005, in the U.S. District Court for the Eastern District of North Carolina, Western Division.The EEOC alleged that the defendant subjected Hernandez to sexual harassment and a sexually hostile work environment. Hernandez filed an intervention complaint on Jan. 4, 2006, further alleging that while she was employed as a painter for the defendant, she was raped and repeatedly sexually assaulted by her male supervisor, Sergio Penazola. The EEOC claimed that the defendant constructively discharged Hernandez by failing to take appropriate action to prevent and stop the sexual harassment after they were made aware of Hernandez's allegations.

**Other:** In addition to the financial agreement, the defendant agreed to provide annual training to its managers, supervisors and employees on the requirements of Title VII of the Civil Rights Act of 1964. Sources told Mealey Publications that settlement was reached after numerous depositions and discovery were exchanged.

**Plaintiff Attorneys:** Kerith Cohen, EEOC, Raleigh, N.C.; Lynette A. Barnes, EEOC, Charlotte, N.C. For plaintiff intervenor - Michael A. Kornbluth, Durham, N.C.

**Defense Attorneys:** George W. Miller III, Haywood Denny & Miller, Durham

**Key Related Documents:** Complaint available. Document #99-070402-G15C.
Answer available. Document #99-070402-G16W.
Intervenor complaint available. Document #99-070402-G17C.
Answer to intervenor complaint available. Document #99-070402-G18W.
Judgment available. Document #99-070402-G19R.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 4/19/2007